THOMAS HENRY BOWLES, an Infant by Guardian, etc., Respondent, *v.* FREDERICK B. HABERMANN, Appellant.

The provision of the Penal Code (§ 707), declaring that a sentence of imprisonment in a State prison for a term less than for life suspends, during the term, the civil rights of the person sentenced, does not apply to a sentence of imprisonment in a county penitentiary.

*It seems* that where, at the time a person is sentenced to imprisonment in a State prison an appeal from a judgment in his favor is pending in this court, the appellant is not entitled to an order suspending the rights of respondent and staying proceedings on such appeal during the term of the sentence. If the appellant proceeds with the appeal the respondent has the right to defend it, and a trustee may be appointed to take charge of his estate (2 R. S. 15, § 1 *et seq.*), who can proceed and enforce the judgment.

As to whether the person sentenced can himself, in such case, move the appeal for argument, *quære.*

(Argued February 26, 1884; decided March 4, 1884.)

MOTION to suspend proceedings on appeal herein.
The facts appear in the opinion.

*George H. Fletcher* for motion.

*Homer A. Nelson* opposed.

EARL, J. The plaintiff sued the defendant in an action of tort, and recovered a verdict upon which judgment was entered. The defendant appealed to the General Term, where the judgment was affirmed, and he then appealed to this court. After the appeal to this court the plaintiff was convicted of a felony, and sentenced to imprisonment in the Kings county penitentiary for the term of ten years. And now the defendant has made this motion that the rights of the plaintiff in this action be declared suspended, and that the hearing of this appeal be stayed during the term of plaintiff's sentence.

The motion is based upon section 707 of the Penal Code, which provides that " a sentence of imprisonment in a State prison for any term less than for life forfeits all the public offices and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced." The claim of the defendant, as I understand it, is that under this section all the rights of the plaintiff in this action are suspended during the term of his sentence, so that he cannot defend this appeal, or enforce his judgment.

The section cited is a substantial re-enactment of the provisions contained in the Revised Statutes (2 R. S. 701, § 19). It is difficult to ascertain precisely what the Legislature meant by the words " civil rights." Ordinarily they must mean all those rights which the laws give a person — which depend upon the laws of the community in which he lives, and of which he is a member.

Section 19 of the Revised Statutes has been under consideration in several cases. In *O'Brien* v. *Hagan* (1 Duer, 664), the plaintiff, after the commencement of his action, was convicted of a felony, and sentenced to imprisonment in a State

prison for a term of years; and after the sentence, the defendant obtained from him a release of the demand or damage for the recovery of which the suit had been brought, and moved for leave to file a supplemental answer setting up the release as a bar; and OAKLEY, Ch. J., after consulting his associate judges, held that the effect of the section was to abate the suit, and that consequently no further proceedings could be had therein until it was properly revived. But the judges declined to give any opinion upon the question, whether a release given by a person so sentenced, even if founded upon a valuable consideration, would be a valid defense. In *Bonnell* v. *Rome, Watertown and Ogdensburgh R. R. Co.* (12 Hun, 218), the plaintiff had commenced two actions against the defendant to recover penalties; and afterward he was indicted, convicted and sentenced for a felony to the State prison for the term of two years. Thereafter the defendant noticed the cases for trial at the Circuit, and took a judgment of dismissal, and for costs in each action by default. On behalf of the plaintiff motions were made at Special Term to set aside the judgments, and the motions were granted. The defendant appealed to the General Term, where the Special Term orders were reversed, Judge SMITH there writing the opinion of the court, and referring to the provisions of the Revised Statutes, said: " These provisions undoubtedly deprive persons sentenced to a State prison, either for life or for a term of years, of all rights as a plaintiff in an action. He does not thereby acquire immunity from the claims of private individuals, or the necessities of public justice. The statute suspends his rights alone, and not the rights of others against him. Though he may not sue, he may be sued, and the suit may be prosecuted to judgment against him, and in general he is subject to be proceeded against in all the modes prescribed by law to enforce civil remedies, as if he were at large ; " and further: " If the defendant in such a case, by reason of his situation, is deprived of a meritorious defense the court may, on a proper application after his release, open the default, and vacate the judgment, when it can be done without prejudice to the rights of the adverse party ; " and

he questioned the authority of the case of *O'Brien* v. *Hagan*, so far as it held that the effect of the statute was to abate a suit to which the convicted felon was a party, so that no further proceeding could be taken therein. In *Miller* v. *Finkle* (1 Parker's Crim. R. 374), it was held in effect that a party sentenced for felony to a State prison could not, after his sentence, execute an assignment of personal property. In *Davis* v. *Duffie* (8 Bosw. 617), it was held that process for the commencement of an action against a convict in the State prison may be served upon him in the prison; that his right to sue is suspended, but that he may still be sued, and the suit prosecuted to judgment. It was said by Judge BOSWORTH, writing the opinion, that "the decisions are uniform, that, although his right to prosecute an action is suspended, he may be sued, and the suit against him may be proscuted to judgment." That case was appealed to this court, and is reported in *Davis* v. *Duffie*, 4 Abb. Pr. R. (N. S.) 478, and the doctrine was there affirmed, that the service of process upon a convict in a State prison is valid. Judge BOCKES, writing the opinion, also said: "The decisions are uniform, that, although the right of a convict to prosecute an action is suspended, and his property in some instances forfeited, still he may be sued, and the suit against him may be prosecuted to judgment."

Section 708 of the Penal Code provides that a person sentenced to imprisonment for life is thereafter deemed civilly dead. Section 709 provides that a convict sentenced to imprisonment is under the protection of the law, and any injury to his person, not authorized by law, is punishable in the same manner as if he were not sentenced or convicted; and section 710 provides that a conviction of a person for any crime does not work a forfeiture of any property, real or personal, or of any right or interest therein. These provisions certainly leave a convicted felon some rights of person and property which may be defended and protected.

If a person sentenced and imprisoned for a felony can be sued, it would seem to follow that he can defend his suit. It cannot be the effect of the statute or of the decisions that an

imprisoned convict may be served with process, and judgment obtained against him, and his property swept away without any right to defend himself or to protect his property. So, although it may be sound law, under the decisions referred to, that one sentenced for a felony connot commence an action to enforce or protect his rights, yet, if another commences suit against him, he must have a right to defend himself. When the defendant in *Bonnell* v. *Railroad Co.* (*supra*), moved the case for trial at the Circuit, the plaintiff could have appeared by attorney and resisted the motion or proceeded with the trial. It cannot be that the plaintiff in such a case is tied up, while the defendant may proceed against him. While it may be that the plaintiff could not in such a case move his case for trial, it is quite certain that if the defendant attempts to proceed against him, he can defend himself, and protect his rights. So here while it may be that this plaintiff cannot come into court and proceed in his own name, and avail himself of the means provided by law for enforcing the judgment which he has obtained, yet if the defendant proceeds with his appeal he certainly has the right to defend the appeal, as he would have the right to defend an action, and to maintain his judgment if he can. It may be that he cannot move the argument of the appeal, that his rights are so far suspended that he cannot take any steps in the action or upon the appeal. Whether he can or not, it is not now necessary to decide. These matters can be determined when he attempts to move in the action.

But provisions are made by law by which this judgment may be enforced, and the appeal defended on behalf of the plaintiff. It is provided in the Revised Statutes (2 R. S. 15) that whenever any debtor shall be imprisoned in a State prison for any term less than his natural life, or in any penitentiary or county jail for any term more than one year, application may be made to the officers specified by any creditor of such person, or by any relative, or by any relative of his wife, for the appointment of trustees to take charge of his estate ; that the trustees so appointed shall have the same rights in, and

power over, his real and personal estate as trustees of the estate of an absconding debtor appointed under the Revised Statutes have; and it is further provided that such trustees shall pay the debts of the imprisoned debtor, and after paying his debts and their disbursements and commissions, that they may, under the direction of the officer who appointed them, or of any equity judge, from time to time, apply the surplus of any moneys in their hands to the support of the wife and children of such debtor and of such other relatives as he may be bound to support, and to the education of his children. So in this case trustees may be appointed under these provisions who may defend this appeal and enforce this judgment, and collect the money thereon, and after paying the debts of the plaintiff, if there is any surplus and no relatives to be supported, the trustees will hold that for him until the term of his imprisonment shall have expired, when they will be bound to account to him.

We ought not, therefore, now to grant this motion, even if we should conclude that the plaintiff was sentenced to imprisonment in a State prison.

The point is also made on his behalf, that he has not been thus sentenced; and we think that point is well taken. All through the statutes a distinction is made between State prisons and other prisons, and penitentiaries. This is a highly penal statute, which imposes forfeitures upon a person thus sentenced and suspends his civil rights; and it should not be extended by implication or construction. It should be enforced just as the legislature has enacted it. It is not provided that a felon's civil rights shall be suspended on sentence to a county jail or penitentiary; but only in case of a sentence and imprisonment in a State prison. State prisons are State institutions, well known as such, under the supervision and management of the State. Kings county penitentiary is a county institution, managed and controlled by the county, and under the supervision of its officers; and the language of the statute does not apply to such a case. It may be conceded that there is the same reason for suspending the civil rights of one sentenced

for a felony for ten years to a penitentiary as for suspending the civil rights of one sentenced for the same offense, for the same term of imprisonment to a State prison. But the legislature made a general rule, and we cannot apply it to a case not brought within its terms.

Therefore, upon both grounds, we think, this motion should be denied, with costs.

All concur.

Motion denied.