ADDIE LA CHAPELLE, Respondent, *v.* MARY BURPEE, Appellant.

*Power to take by devise, not suspended by imprisonment — section 707 of the Penal Code — power of alienation not suspended by a devise on condition subsequent.*

Section 707 of the Penal Code, which prescribes that "A sentence of imprisonment in a State prison for any term less than for life forfeits all the public offices and suspends, during the term of the sentence, all the civil rights and all private trusts, authority or powers of, or held by, the person sentenced," does not deprive a person so imprisoned of the power to take or convey by grant or devise.

A testator, by his will, gave "subject to conditions hereafter named," to his wife a home in his house during her life, and to his daughter, as long as she remained unmarried, a home with her mother, and devised the home to his son "on condition that after he is liberated from prison he shall live in the house with his mother and sister Gertie, and shall furnish firewood and comfortable board for them in the same manner as I have done as long as his mother shall live." The will further directed that in case the son should elect

not to accept its provisions, the executors might sell the premises and apply the interest of the proceeds to the support of the testator's wife and daughter, as above provided, and that whatever was left at the wife's death should be divided between the testator's children surviving her. At the time of the testator's death and the probate of the will, the son was in State prison under an unexpired sentence under a conviction of felony for a term of years, but was pardoned the following year, accepted the terms of the will, and entered into possession of the premises, and thereafter joined with his mother in a conveyance thereof by deed to a third party. The testator's daughter was married prior to the death of the testator and to the execution of the deed.

*Held,* that the power of alienation was not suspended by the fact of the son's imprisonment, nor was his power to accept the devise (and consequently the power of alienation) suspended by the terms of the will until his liberation from imprisonment, but the title vested in the son on his father's death, subject to the condition or covenant compelling him to furnish firewood and board to his mother and sister after his liberation ,

That if this latter provision created an estate with a condition subsequent, instead of being a mere covenant or personal charge upon the devisee (which is not decided), the estate was not thereby rendered inalienable;

That, consequently, the deed executed by the son (the devisee) and the widow (the beneficiary of the condition or covenant), the daughter having married — conveyed a good title.

APPEAL by the defendant, Mary Burpee, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Warren county on the 24th day of December, 1892, on a decision rendered at the Warren county Special Term upon a trial before the court without a jury.

The action was in ejectment. To the complaint, which was in the ordinary form, an answer was interposed, alleging among other things that the premises in question were originally owned by one Orin Lashua of whom the plaintiff and defendant were children as was also one Edward Lashua who was convicted of the crime of robbery in the first degree on the 15th day of November, 1881, in the Court of Sessions of Warren county, and thereupon sentenced to a term of ten years' imprisonment at hard labor, at Clinton prison in said State; the said offense having been committed in Warren county. That the said Edward Lashua began the service of such sentence on the 22d day of November, 1881. That at the time of the death of his said father, and also at the time of the execution and probate of the alleged last will and testament in the answer mentioned and described, the said Edward Lashua was confined in said

prison, under and serving out the said sentence. That the said Edward Lashua continued in said prison, serving said sentence from the date last aforesaid, until July 27, 1886, when he received a pardon from the Governor of said State. That on or about the 26th day of October, 1885, the said Orin Lashua made an alleged last will and testament in the manner and form as set forth in the following opinion.

Section 707 of the Penal Code is as follows: "A sentence of imprisonment in a State prison for any term less than for life forfeits all the public offices and suspends, during the term of the sentence, all the civil rights and all private trusts, authority or powers of, or held by, the person sentenced."

*Charles R. Patterson*, for the appellant.

*Delcour S. Potter*, for the respondent.

PUTNAM, J.:

This was an action of ejectment brought to recover land in Warren county of which one Orin Lashua died seized.

On October 26, 1883, deceased executed a will which after his decease, and on November 16, 1885, was admitted to probate by the surrogate of Warren county, and contained the following provisions:

"*Second.* I give to my wife, Margaret Lashua, a home in my dwelling house during her natural life, and also to my daughter, Gertie, I give a home with her mother as long as she remains single or unmarried; the above is subject to conditions hereafter named;

"*Third.* I give and bequeath to my son, Edward Lashua, my house and lot on condition that after he is liberated from prison he shall live in the house with his mother and sister Gertie, and shall furnish firewood and comfortable board for them in the same manner as I have done as long as his mother shall live, and the household goods that belong to me shall remain for their use in the house;

"*Fourth.* I further direct, in case my son Edward shall elect not to accept the provisions of the legacy to him, then my executors hereinafter named are authorized, if they shall think it advisable, to sell the premises and apply the interest from the proceeds to the support of my wife and daughter as above provided;

" *Fifth.* I also further direct, if my son declines to accept, that whatever is left at my wife's death shall be equally divided between my children that survive her."

At the time of the probate of said will Edward Lashua was in the State prison under sentence of felony, about six years of his sentence being unexpired. He was, however, pardoned on July 27, 1886, and the court below finds that he "elected to and did accept the terms and conditions of said will, and entered into the possession of said property on or about the 27th day of July, 1886, as devisee and owner thereof under said will, and continued in the possession thereof as such owner until the 22d day of March, 1888, when he joined with his mother in a conveyance by deed to the plaintiff in this action, for a valuable consideration, whereby each of them assumed to and did convey to the plaintiff all the right, title and interest which either of them had in said property; * * * that the beneficiary, Gertie Lashua, named in said will, was married prior to the execution of said deed.

" That at the time of the execution of said deed, Edward Lashua and Margaret Lashua were the only persons who had any interest in or title to said property."

It will be seen by the above-quoted provisions of the will that the widow of the testator was bequeathed a home in his dwelling during her natural life. She was to have this home from the date of his death, but was not entitled to firewood and board until the liberation of Edward from State prison. The latter, under the terms of the will, took the house and lot from the date of the death of his father, but was not compelled to furnish board and firewood for his mother and sister until the expiration of his sentence.

Counsel for defendant claims that at the time the will took effect Edward Lashua, being in State prison under sentence for a felony and all his civil rights being suspended (Penal Code, § 707), could not acccept the provisions of the will of his father in his favor. Also, that by *the terms of the will* Edward was not called upon or authorized to act or accept the bequest in his favor until his imprisonment ended. That hence, under provisions of the will, and also because of Edward's imprisonment, the title to the property was in abeyance until his discharge from State prison. And, therefore, the bequest in favor of Edward was void as illegally suspending the

power of alienation. It is well settled that the power of alienation cannot be suspended for an absolute term, however short. (*Hone's Exr.* v. *Van Schaick,* 20 Wend. 566; *Tucker* v. *Tucker,* 5 N. Y. 408.)

Therefore, if it is true that, by the terms of the will, or from the fact of his being a convict, Edward was not called upon, or could not accept the bequest in his favor until the expiration of his sentence, if the title of the property was in abeyance until that period, the bequest was void.

The construction to be placed upon section 707, Penal Code, is not well settled. In *Miller* v. *Finkle* (1 Park. Crim. Rep. 374), under a similar provision of the Revised Statutes, it was, in effect, held that one sentenced for a felony to State prison could not transfer personal property. It has been held that a convict could be sued, but could not maintain an action. (*Davis* v. *Duffie,* 8 Bosw. 617; 4 Abb. Pr. [N. S.] 478; *Bowles* v. *Habermann,* 95 N. Y. 249.)

But in *Avery* v. *Everett* (110 N. Y. 317), the effect of a life sentence as to the property and civil rights of a convict was considered at great length. Under the statute, one sentenced for life is thereafter to be deemed " civilly dead." While, under section 707 of the Penal Code, the sentence for a less term suspends the " *civil rights* " of the person sentenced. Certainly, a convict who, under the statute, is " civilly dead," is to be deemed as much deprived of " civil rights " as if those rights were suspended.

In the authority last cited, it was shown that at common law one attainted could be grantor and grantee after attainder, and the grant would be valid against any person except the King; he can take a grant or grant to others; while he cannot enter into executory contracts and enforce them, he may transfer his property by will or deed. The case also holds that the provisions of the Revised Statutes, which were similar to those of the Penal Code (*supra*), should be considered as merely declaratory of the common law.

The authority cited thus determines that one under sentence of imprisonment for life, though civilly dead, may take by grant or devise, or transfer his property by will or deed. It naturally follows that one imprisoned for a term of years may also take or convey by grant or devise.

Therefore, Edward Lashua, on his father's decease, could take the house and lot bequeathed to him. He could be the devisee. The power to *take* by grant or devise implies the power to *accept*, and he could, therefore, accept the bequest so made in his favor. I do not think the position of the appellant can be sustained, *that by the terms of the will*, the acceptance could not be made until Edward was discharged from State prison, and until that time the title of the house and lot was in abeyance. Under the provisions of the will the title of the lot at once vested in Edward, subject to the condition or covenant compelling him to furnish board and firewood to his mother and sister. He could accept the bequest at once after his father's decease, of course subject to the condition or covenant above mentioned.

I conclude, therefore, that the title vested in Edward Lashua on the death of his father, and hence that there was not an illegal suspension of the power of alienation. If the bequest in question created an estate upon condition, it was a condition subsequent. The title vested in Edward prior to his discharge from prison, and, therefore, prior to his liability for board and firewood, and hence the condition was subsequent. This being so he could at any time convey his interest in the house and lot, subject to the condition. (*Mich. State Bank* v. *Hastings*, 1 Doug. [Mich.] 225-252. See 3 Am. & Eng. Ency. of Law, 422, 423.)

It follows that there was no suspension of the power of alienation.

In the opinion of the trial court it is suggested that the provisions of the will requiring Edward to furnish meals and wood to the widow of deceased was not a condition, but a covenant and personal charge upon the devisee. He cites the case of *Jackson* v. *Martin* (18 Johns. 31). The language of the will in that case, however, differs from that used in the bequest under consideration. In that case there was an unqualified devise to the son of the testator without condition, but with certain directions for the devisee to obey. Here the house and lot is left to Edward "*on condition*" that he should furnish firewood and meals to his sister and mother. The language of the devise in the case last cited is so different from that contained in the will of Lashua that it can hardly be deemed an authority. Although it is held that conditions subsequent are not favored

(*Ludlow* v. *The N. Y. & Harlem R. R. Co.*, 12 Barb. 440; *Chapin and Wife* v. *School District*, 35 N. H. 450, 451; 4 Kent's Comm. 132), yet the language of the bequest under consideration is such that it is not clear that its effect was not to create such a condition. But if the effect of the bequest was to create an estate with a condition subsequent the estate was not thereby rendered inalienable. There were persons in being who could convey an absolute title, viz., Edward Lashua, the devisee, and the widow and daughter of testator, or for whose benefit the condition was created. These parties united could convey an absolute title. (See 23 Abb. N. C. 416, note entitled " Suspension of alienation by conditions.")

The daughter, Gertie, having married prior to the death of the testator and the widow having joined in the deed to plaintiff, and thus consented to the conveyance under which plaintiff claims, I think she established her title to the premises described in the complaint, and that the judgment should be affirmed, with costs.

HERRICK, J., concurred.

Judgment affirmed, with costs.