The defendants, Blair and Beem, it is claimed, were sureties on a building bond for Montrass. The action is founded on this bond.
Suit was begun in this court, and summons had on Montrass at the Ohio penitentiary, in this county. Thereupon summons was directed to the sheriff of Union county for the defendants, Blair and Beem, and service upon them was then obtained.
It is contended in support of the motion that this court has no jurisdiction of the parties, because service could not lawfully be had on Montrass to answer to a civil action in this county, he being here involuntarily under an order of court serving the term of his sentence at said institution. Section 5028, Revised Statutes, provides, among other things, that “every other action must be brought in the county in which a defendant resides or may be summoned, ’ ’ etc. There is no question but that if- said defendant was voluntarily in the county he “may be summoned” to answer to a suit in this county, notwithstanding he may reside in Union county, then service on the other defendants made in Union county would give this court lawful jurisdiction over the cause of action and the parties.
But the question here is, does the bodily presence of said defendant in the county, regardless of said circumstances which brought him here, confer jurisdiction on this court? If service of process on Montrass is good service, then service on the other defendants is good. The question of law here presented is a new one in this state, and so far as my investigation has gone, and the briefs of counsel disclose, it has not been made in this form in other states. It is not claimed by counsel for defendants that the mere fact that Montrass is imprisoned would exempt him from service of summons. But the contention is, that a person, taken by force from the county of his residence to another county, under an order of court sentencing him to imprisonment in the penitentiary in the latter county, is privileged from being served with summons in said county while imprisoned therein serving the sentence of the court, for the reason that he neither goes or remains therein voluntarily.
*370 Counsel for defendants rely on Compton v. Wilder, 40 Ohio St., 130, and Andrews v. Lembeck, 46 Ohio St., 38, 41, in support of their contention.
Compton v. Wilder, supra, settles the question where a person is extradited from another state upon the requisition of the governor of this state, in a criminal prosecution instituted against him here, that service of summons and an order of arrest issued in a civil action brought by the same parties who applied for the requisition against the defendant, and the summons in the civil action was made upon the defendant directly after he had entered into a recognizance to appear before the court at its next term, and before conviction, and before he had an opportunity to return to his home, and such service was held to be rightfully set aside.
In other words, it was held that a person given up by the governor of another state to be brought into this state on a specific criminal charge, should not be deprived of any rights, except such as he had forfeited by the commission of the alleged crime. He could not, in this manner, be brought into the state for the purpose of getting service of summons on him in a civil action, and when so brought into the state, he must first be afforded an opportunity to return to his home, and service had under such circumstances may be set aside.
Andrews v. Lembeck, supra, was where a person attended the hearing of an application for an injunction in a case in which he was interested as a party in a county other than that of his residence. It was held that he was privileged from the service of summons while going to, attending and returning from, the place of such hearing. In neither of the above cases do the facts correspond with the facts in the case at bar.
Montrass is not in this county to answer as a party or a witness to an action or proceeding in court, nor is he brought here under arrest to answer to a criminal charge. It is conceded that he was not decoyed to this county by any act of the plaintiff for the purpose of getting service on him here. His bodily presence is in this county simply because this penal institution is located here, and he is serving the sentence of the court. If by his own voluntary act by an infraction of the penal laws of the state he is under a sentence confined in said penal in *371 stitution located in this county, would not this jurisdiction then be equivalent to his residence? He has lost his citizenship in the state by reason of his conviction and imprisonment for a felony. Hence, he is no more a citizen of Union county than he is of Franklin county. True, this may be restored to him, but that will depend upon executive clemency. Has he a usual place of residence in Union county, as claimed by counsel for defendants? It is also true that one may have a residence in the state without a domicile and without citizenship. The essential distinction between residence and domicile is that the first involves the intent to leave, when the purpose for which one has taken up his abode ceases. The other has no such intent. 2 Bouvier, 904.
It is often difficult to determine the usual place of residence of a party. ‘ ‘ The word usual place of residence means the place of abode at the time of the service.” Gadsen v. Johnson, 1 Nott. & McC., 89.
“Process for the commencement of an action against a convict in the state prison may be served upon him in the prison; although his right to sue is suspended, he may still be sued, and the suit prosecuted to judgment.” Davis v. Duffie, 8 Bosw. (N. Y.), 617.
“If defendant is a single man, to justify the leaving of a copy at his boarding house, he must be actually boarding at the place at the time. If he has left the place, the service is not good.” Nash, Pl. & Pr., 71.
It was held in Alley v. Caspari, 80 Me., 234, that for the purpose of serving process, the bodily presence of a person within the jurisdiction is regarded as equivalent to residence. 19 Ency., 606.
In New York the courts held that a convict is subject to be sued and “proceeded against in all the modes prescribed by law to enforce civil remedies, as if he were at large.” Bonnell v. Railway Co., 12 Hun. (N. Y.), 218; Bowles v. Habermann, 95 N. Y., 246; Worth v. Norton, 56 S. Car., 56.
Under the authorities I am inclined to the opinion that said defendant has no usual place of residence in Union county. On the other hand, his place .of residence is at the prison in this *372 county for a fixed and definite time. Until that is terminated he can not establish or have another at a different place.
Paul Jones and W. PL. Jones, for plaintiff.
J. L. Cameron and J. F. Millar, for defendants.
Suppose a resident of Union county held a note against said defendant which matured subsequent to his conviction and imprisonment in the penitentiary. There is no question but that the holder could sue the defendant at the maturity of said note, but the question would be, within what jurisdiction could he sue him? That will depend upon the question of service. There must be service either personal, or a summons left at the usual place of residence of the defendant. If the usual place of residence means “the place of abode at the time of the service,” as held in Gadsden v. Johnson, supra, then he would have no usual place of residence in Union county, and such service could not be had on him in that county. Such person would then necessarily have to sue in the jurisdiction in which the prison is located where he could obtain personal service on the defendant.
It will be noted that in Andrews v. Lembeck and Compton v. Wilder, supra, neither of the defendants had lost their usual places of residence. Such were still intact; and in the latter case the reviewing court suggested that the plaintiff had his remedy to pursue the defendant and sue him there.
If the defendant has no usual place of residence in Union county, the holder of said note could not sue him in Union county and get service on him by summons directed to the sheriff of Franklin county. In fact, jurisdiction would not lie in Union county, and Franklin county would, under the circumstances, be the only county in which jurisdiction would lie.
The fact that the affidavit avers that said defendant is a resident of Union county does not conflict with the averments that he is confined in a prison located in another county under sentence of the court. The affidavit, I am of the opinion, shows that said defendant at the time of said service was a resident of Franklin county; and under Section 5028, Revised Statutes, the service of summons on him within this jurisdiction is good service. For the above reasons the motion to set aside and quash the service upon the defendants is overruled.