In the Matter of the Estate of JOSEPH WEBER, Deceased.

Surrogate's Court, New York County, January 3, 1938.

*Ephraim J. Faber*, for Michael DeMarr, creditor, objectant.

*Livingston & Livingston*, for Henry E. Weber, as executor, etc.

DELEHANTY, S. In the accounting proceeding now pending objections were filed by Michael DeMarr, whose claim as creditor against the estate was rejected by the executor in November, 1935. By his attorney DeMarr now moves for an examination of the executor before trial and for the production of certain records. This motion was originally adjourned by stipulation. On the adjourned date the executor moved that the " objections and appearance of Michael DeMarr and his attorney    *    *    *    be dismissed." The application of the executor is based solely on the fact that DeMarr is now confined to a State prison for a period less than life. One so circumstanced suffers a suspension of civil rights. (Penal Law, § 510.) It is urged, therefore, that DeMarr, by filing objections to the account and by attempting to prosecute the same, is endeavoring to exercise a civil right within the meaning of the cited section of the Penal Law.

Section 510 of the Penal Law now states a rule which has existed throughout the greater portion of the history of this State. Nevertheless, its meaning today, as in earlier times, is by no means well settled. (*LaChapelle* v. *Burpee,* 69 Hun, 436, 440.) There is no doubt that the use of court process is a civil right. Section 10 of the Civil Rights Law expressly so provides. Yet a literal proscription of use by a convict of all civil process under any and all circumstances would eventuate in forfeiture of property rights of convicts. No such forfeitures are today among the penalties inflicted upon felons. Moreover, commitment to prison does not afford immunity to a prisoner against suit brought by an aggrieved party. (Civ. Prac. Act, § 165.) And since a prisoner can be sued while at the same time he is subject to neither direct nor indirect forfeitures of property because of his criminality, he must have the right to use court process to the extent necessary to defend himself in a suit. The rule resulting from the necessities of the situation and one amply supported by authority is that though an imprisoned felon cannot prosecute a suit or institute a special proceeding he can defend himself in an action or proceeding instituted against him. (*Bowles* v. *Habermann,* 95 N. Y. 246, 250; *Green* v. *State,*

251 App. Div. 108; *Bonnell* v. *R., W. & O. R. R. Co.*, 12 Hun, 218, 219, 220; *Davis* v. *Duffie*, 8 Bosw. 617; affd., 3 Keyes, 606; *Werckman* v. *Werckman*, 4 N. Y. Civ. Proc. 146.) As was said by VANN, J., in the *Werckman* case: "The liability to be sued, of necessity, implies the right to defend, and * * * if the right to defend is a civil right within the meaning of said provisions of the Revised Statutes (now Penal Law, § 510), it must be deemed to have been excepted by the Code (now Civ. Prac. Act, § 165) from their operation."

Whether an alleged creditor whose claim has been rejected by an executor is defending himself when the executor proceeds with his final accounting seems never to have been previously considered. The accounting party by the citation calls upon every alleged creditor whose claim has been rejected to show cause why the fiduciary's accounts should not be judicially settled and allowed as presented. The executor has done that in this case. What the executor seeks thereby is a decree adjudging that this claimant has no valid claim against estate assets. What will result if the convict cannot object to the account as filed? If he defaults his claim stands disallowed. Since his claim was rejected in November, 1935, and since he was not imprisoned until 1937 he is barred by the short Statute of Limitations from suing on his claim in a court of general jurisdiction. His claim can now be determined only by this court. The statute requires that it shall be determined finally on this accounting. (Surr. Ct. Act, § 211; *Matter of Schorer*, 272 N. Y. 247, 250.) Unless the convict can be heard now he can never be heard, since his claim is not of a character to authorize the setting up of a reserve until such time as he shall regain his liberty. To let the accounting party proceed to a decree which, for want of a defense by the convict, would involve disallowance of the latter's claim as creditor would not be to enforce the suspension of the convict's civil rights but would be to destroy them. While the burden is on a claimant to go forward with proof if his claim is rejected, yet it is the act of the executor which brings the matter on for a hearing and which compels the attendance of the creditor if he is not to default. On this record the executor could have accounted antecedent the imprisonment of the convict. He could, of course, seek to make this an intermediate account and reserve the determination of this claim until after the expiration of the sentence of the convict. By the accident that his accounting is timed during the period of the convict's imprisonment there is created a situation in which the convict is disabled from protecting rights of his which are threatened by the proceeding. Unless,

therefore, this court shall hold that in these circumstances the proceeding is one adverse to the convict the court will be imposing a forfeiture which the law forbids.

Can the convict act personally in this proceeding or must he proceed by means of a trustee appointed pursuant to article 14 of the Correction Law? In *Bowles* v. *Habermann* (*supra*) plaintiff recovered judgment against defendant. Plaintiff thereafter was convicted of a felony. Defendant appealed from the judgment and moved that the hearing of the appeal be deferred until plaintiff's sentence expired. The court would not grant such a motion and (at pp. 250, 251) it was said:

" So here while it may be that this plaintiff cannot come into court and proceed in his own name, and avail himself of the means provided by law for enforcing the judgment which he has obtained, yet if the defendant proceeds with his appeal he certainly has the right to defend the appeal, as he would have the right to defend an action, and to maintain his judgment if he can. It may be that he cannot move the argument of the appeal, that his rights are so far suspended that he cannot take any steps in the action or upon the appeal. Whether he can or not, it is not now necessary to decide. These matters can be determined when he attempts to move in the action.

" But provisions are made by law by which this judgment may be enforced, and the appeal defended on behalf of the plaintiff. It is provided in the Revised Statutes (2 R. S. 15) that whenever any debtor shall be imprisoned in a State prison for any term less than his natural life, or in any penitentiary or county jail for any term more than one year, application may be made to the officers specified by any creditor of such person, or by any relative, or by any relative of his wife, for the appointment of trustees to take charge of his estate; that the trustees so appointed shall have the same rights in, and power over, his real and personal estate as trustees of the estate of an absconding debtor appointed under the Revised Statutes have; and it is further provided that such trustees shall pay the debts of the imprisoned debtor, and after paying his debts and their disbursements and commissions, that they may, under the direction of the officer who appointed them, or of any equity judge, from time to time, apply the surplus of any moneys in their hands to the support of the wife and children of such debtor and of such other relatives as he may be bound to support, and to the education of his children. So in this case trustees may be appointed under these provisions who may defend this appeal and enforce this judgment, and collect the money thereon, and after paying the debts of the plaintiff, if there is any surplus and no

relatives to be supported, the trustees will hold that for him until the term of his imprisonment shall have expired, when they will be bound to account to him."

Objectant here has appeared in his proper person and through counsel of his own selection. If he is defending himself the authorities authorize that action on his part so long as he confines himself to the area within which he truly is defending property rights which would be lost to him if he is not given a voice in the proceeding. Of course, if he is entitled to be heard in defense of the rights which otherwise would be lost he must collaterally be given the right to the remedies which are incidental to his major status. For reasons of practical convenience and on the basis that objectant is here brought into the controversy without initiative on his part, the court holds that objectant is not required to proceed through a trustee, but may personally appear in this proceeding through counsel. Having reached that conclusion it follows that he may also take such steps under the rules and practice of the court as are involved in the defense of his status as claimant against the estate. It follows that the motion for examination should be granted and the motion of the executor to dismiss the objections should be denied.

Submit, on notice, orders accordingly.