Argued December 19, 1956, peremptory writ ordered
January 30, 1957

STATE OF OREGON EX REL GLADDEN *v.* SLOPER

306 P. 2d 418

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for relator. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Lawrence N. Brown,* Salem, argued the cause for defendant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before Tooze*, Acting Chief Justice, and Rossman, Lusk, Brand and Perry, Justices.

ROSSMAN, J.

This is an original proceeding in mandamus instituted by the State of Oregon ex rel. Clarence T. Gladden, warden of the Oregon State Penitentiary, as plaintiff, against Honorable Val D. Sloper, judge of the Circuit Court of the State of Oregon for Marion County, as defendant, to compel the latter to vacate an order made by him for the production of a prisoner. The cause is before this court upon general demurrer to the alternative writ of mandamus.

September 10, 1956, the defendant issued an order directing plaintiff (Gladden) to deliver one Ben Creasy, a convict in the lawful custody of the plaintiff, to the defendant's courtroom on October 23, 1956, so that the prisoner could attend a trial to be held pursuant to the filing of a divorce complaint against him by his wife and assist in the defense.

September 12, 1956, a motion to vacate the order was filed by the Attorney General as counsel for plaintiff. The motion was based upon ORS 44.230(3) as interpreted in *State ex rel. Gladden v. Lonergan,* 201 Or 163, 269 P2d 491, and also upon ORS 44.010 and 44.020. The motion was overruled.

1. For reasons which are hereinafter set forth we hold that the Circuit Court for Marion County lacked jurisdiction to order the plaintiff to produce Creasy to be present during the divorce proceedings in which Creasy had been named defendant.

ORS 44.230 does not prohibit the order below. Its scope is limited to the production of witnesses, and the

---

* Deceased December 21, 1956.

order required the prisoner's production purely as a party and not for any testimony which he might give.

We have searched in vain through the statutes of this state for any provisions which grant jurisdiction to the circuit court to issue an order under the circumstances before us. By way of analogy, see *Rogers v. Youngblood,* 226 Ind 165, 78 NE2d 663. No decision from this or any other jurisdiction has been cited in which such an order has been held valid.

*Benns v. Mosley & Cobbett,* 2 CBNS 116, 21 JP 662, 140 ER 356 (1857) and *Weldon v. Neal,* 15 QBD 471, 54 LJQB 399, 33 WR 581 (1885), attest to the fact that no such process was available in England at the time of Oregon's statehood. Both of those cases involved habeas corpus. In the Weldon case the court said:

"The statute only gives power to issue a writ of habeas corpus for the purpose of enabling a person to be brought up to give evidence, and not, as in the present case, for the purpose of conducting proceedings in court. There is no authority for such an application and we have no power to grant it."

Our searches brought to light one decision containing language which supports defendant's position. *Flagg v. State,* 11 Ga App 37, 74 SE 561. That case, however, involved the production of a convict for trial upon another criminal charge (see ORS 134.540 and 168.040), and statements which could apply to production for civil causes are, therefore, dicta. No authority was cited for the dicta.

■ Defendant finally argues that failure to hold the order valid would be a deprivation of constitutional rights guaranteed by the 14th amendment to the Constitution of the United States. That contention was

put at rest by this court in *In re Ankelis*, 164 Or 676, 103 P2d 715. That was a disbarment proceeding in which Ankelis petitioned this court for a review of the adverse recommendation of the Board of Governors of the Oregon State Bar. The original complaint had been served upon Ankelis, but because of his subsequent incarceration in a federal penitentiary he was not present himself although he was represented before the trial committee by his attorney. In denying the claim that Ankelis had been deprived of a property right without due process of law, in contravention of the 14th amendment to the Constitution of the United States, by having been denied the right to be present in person at the hearing, this court said:

"The disbarment of an attorney at law is not a criminal action but is a proceeding sui generis. State ex rel. v. Arnold, 145 Or 634, 639, 28 P.2d 846. There is no provision in either the state or the federal constitution which assures to an attorney the right to be present in person in proceedings for his disbarment. The imprisonment of Ankelis could not prevent the institution of proceedings against him or require postponement of the hearing. Nor did such imprisonment prevent him from defending. 13 C. J. page 918, sec. 11; 18 C.J.S. Convicts, sec. 8b. His inability to be present in person at the hearing was one of the consequences of his commission of crime."

See, also, *Edgerly v. Kennelly*, 215 F2d 420, cert den 348 US 938, 99 L Ed 735, 75 S Ct 359.

Creasy's ability to give testimony by deposition and to be represented by counsel is unimpaired.

The demurrer to the alternative writ of mandamus is overruled and the writ is issued.