In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee of the Express Trust, Created by DOROTHY L. BROWN. DOROTHY L. BROWN et al., Appellants; BANKERS TRUST COMPANY et al., Respondents.

First Department, May 28, 1963.

*Martin Berlin* of counsel (*Samuel Brodsky* with him on the brief; *Aranow, Brodsky, Bohlinger, Einhorn & Dann,* attorneys), for Dorothy L. Brown, appellant.

*Jack M. Steingart* for William L. Brown, appellant.

*Herman 1. Meltzer,* guardian ad litem for William L. Brown, in person.

STEUER, J. The proceeding is an intermediate accounting of an express trust. William L. Brown is a remainderman. He defaulted on the trustees' application for a settlement of its account. It came to the court's attention that said William L. Brown was then incarcerated in a New Jersey State prison and that two other persons claimed an interest in the remainder by virtue of alleged assignments from said William L. Brown. Thereupon, of its own motion, the court appointed a guardian ad litem for Brown. Thereafter, and before any further steps were taken in the proceeding, Jack M. Steingart, Esq., filed a notice of appearance for Brown and also a personal notice of appearance by Brown which stated that Mr. Steingart was authorized to appear for him. Brown and his mother, Dorothy Leith Brown, the grantor of the trust, now move to vacate the order appointing the guardian ad litem.

We are of the opinion that, where the court was apprised of the fact that an interested party was in default and was currently incarcerated, the court was under a duty to take some steps to determine whether the default was intentional or due to the fact that the defendant, by virture of his situation, was effectually prevented from appearing. The better procedure would have been to appoint a special guardian to inquire into the circumstances of the defaulting party's detention and to obtain any information that was available as to whether or not the default was deliberate. Upon the report of a special guardian the court could then take such steps as the situation called for. This might include providing representation by way

of a guardian ad litem (see *Sengstack* v. *Sengstack,* 4 N Y 2d 502, 511).

However the situation may have appeared when the court appointed the guardian, the subsequent developments change the picture radically. It is now entirely clear that the defaulting remainderman is aware of the proceeding. He has appeared. He is under no disability to defend the proceeding in his own name (Civ. Prac. Act, § 165; *Bowles* v. *Habermann,* 95 N. Y. 246). The opposition to this appeal does not suggest conviction or incarceration in New Jersey results in any different status.

It is suggested that the attorney purporting to represent Brown may in fact represent his assignees. We do not believe that the court in the absence of any proof that this contention has any factual basis may make a ruling based on this supposition. For all that appears, the moving party has a right to represent himself and he is doing so. The necessity for appearance by a court-appointed representative has been obviated.

The order should be reversed, on the law, on the facts, and in the exercise of discretion, and the motion granted, with costs to all parties filing briefs payable out of the estate.

BOTEIN, P. J., BREITEL, RABIN and STEVENS, JJ., concur.

Order, entered on February 11, 1963, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the motion granted, with costs to all parties filing briefs payable out of the estate.