Louis B. Heller, J.
This is an action for divorce commenced in October, 1967 based on three years’ consecutive imprisonment after marriage. It appears that the defendant was sentenced for the commission of three separate crimes to a State prison in 1959, the maximum time expiring in 1973. Plaintiff and defendant were married in 1952 and there are issue of the marriage. On or about November 1, 1967, plaintiff’s attorney received a letter from the defendant indicating in substance that he wished to appear in court upon the trial, although he did not want to stand in the way of the divorce. Apparently, his main interest is in respect to the custody of the children. This letter was treated as a notice of appearance and thereafter a copy of the complaint was served upon the defendant. Trial was ultimately set for May 17, Í968. The defendant was notified of that date, and on or about May 13,1968, plaintiff’s attorney received another letter from the defendant again stating his desire to appear. The trial was held on May 17, 1968 without the presence of the defendant. The question involved is whether or not a defendant in a matrimonial action, who .is in a State prison, has the right to be produced in person upon the trial.
Apparently, there is no case in New York exactly in point. Unquestionably, a prisoner has the right to defend a civil suit brought against him while he is in jail. As stated by the court in Matter of Conlon v. Murphy (24 A D 2d 737-738): “ The whole scheme for the enforcement of our criminal laws and the exercise of rights under our civil laws is founded upon notice to the defendant and his right to be heard. ’ ’ This is amply demonstrated by the decision in Matter of Weber (165 Misc. 815, 816) where the court stated: 1 ‘ The rule resulting from the necessities of the situation and one amply supported by authority is that though an imprisoned felon cannot prosecute a suit or institute a special proceeding he can defend himself in an action or proceeding instituted against him.”
*390 Although a prisoner has the right to defend a civil action brought against him, it appears that he does not have the absolute right to appear personally in court to defend the suit. The case of State ex rel. Gladden v. Sloper (209 Ore. 346 [1957]) is parallel with the case at bar. In that case a prisoner was sued for divorce by his wife. The Circuit Court of Marion County, Oregon, ordered the Warden to produce the prisoner at the trial. On appeal, the Supreme Court of Oregon overruled the Circuit Court and held that the failure to deliver the inmate to the courtroom so that he could attend the divorce proceeding would not deprive the inmate of his constitutional rights guaranteed by the Fourteenth Amendment, especially in view of the fact that the inmate’s ability to give testimony by deposition and to he represented hy counsel was unimpaired.
In Matter of Weber (supra, p. 819) the Surrogate’s Court in New York County, referring to an inmate objectant stated: “ For reasons of practical convenience and on the basis that objectant is here brought into the controversy without initiative on his part, the court holds that objectant is not required to proceed through a trustee, hut may personally appear in this proceeding through counsel ” (emphasis added). To the same effect see Bowles v. Habermann (95 N. Y. 246, 250).
While it appears that the right to defend is an absolute constitutional right, the right to appear personally in civil cases is not. The basic issue is whether or not the defendant, in the particular circumstances of the case, will be able to establish his defense without being personally present upon the trial. If he .cannot, the denial of personal presence would be a denial of due process. Due process has to do with the denial of fundamental fairness, shocking to the universal sense of justice (Kinsella v. Singleton, 361 U. S. 234).
In the instant case the refusal to allow the defendant to personally appear would not be a denial of a fundamental fairness as the facts indicate there is no legal defense to the action. Defendant concedes his term of imprisonment, which is a matter of official record, and furthermore, he states that he does not want to contest the divorce. His right to appear and defend by attorney was not denied him, nor is assigned counsel requested to contest the suit. His personal appearance at the trial, in respect to the grounds for divorce, could serve no useful purpose. A somewhat similar situation was faced by the Supreme Court of the United States in Price v. Johnston (334 U. S. 266) wherein it was decided that the court had the discretion to decide whether a prisoner should be allowed to appear before the court in order to personally argue his appeal. Having *391 decided that the court had this discretion, on the question as to which way that discretion should be exercised, the court stated (pp. 28A-285): “ If it is apparent that the request of the prisoner to argue personally reflects something more than a mere desire to be freed temporarily from the confines of the prison, that he is capable of conducting an intelligent and responsible argument, and that his presence in the courtroom may be secured without undue inconvenience or danger, the court would be justified in issuing the writ. But if any of those factors were found to be negative, the court might well decline to order the prisoner to be produced. Section 262, in other words, does not justify an indiscriminate opening of the prison gates to allow all those who so desire to argue their own appeals.”
Accordingly, under the circumstances herein, the denial of defendant’s request to appear personally, insofar as it respects the divorce action, would not be a denial of any constitutional right.
However, in respect to the custody of the children, a different situation exists. Under the guidelines heretofore set forth, and for the purpose of establishing his defense, it would be necessary for the defendant to personally appear. Counsel for the plaintiff concedes this point, and makes the suggestion that plaintiff be granted custody at present since defendant can apply for a redetermination upon his release or, in the alternative, and in the discretion of the court, to simply not decide the issue of custody and leave it an open issue. To avoid bringing the defendant from the prison to the court for the purpose of contesting the issue of custody, it appears that the better practice would be to leave this issue open for future determination.
Accordingly, defendant’s request to appear in person should be denied.