Carmine A. Ventiera, J.
The plaintiff wife has instituted an action for divorce on the ground that her husband, the defendant, has been confined in prison for a period of three or more •consecutive years after their marriage (Domestic Relations Law, § 170, ¡subd. [3]). Defendant, a convicted felon, is presently serving a .sentence of 15 to 20 years in Clinton Prison for robbery, and has served more than three consecutive years of said sentence. There has been mailed to the court, by the defendant, an affidavit entitled “ Opposition to an Action for a Divorce.” The court will consider the affidavit as an answer to the complaint and a counterclaim for divorce. The affidavit requests the assignment of counsel to represent him in the divorce action; that he be permitted to be present at the proceedings ; to appoint a doctor to examine plaintiff to determine if .she is pregnant. The plaintiff’s papers in opposition ask the court to strike defendant’s counterclaim and deny the defendant’s motion to be present at the proceeding.
It has been held that a prisoner has the right to defend a civil suit brought against him while he is in jail (Avery v. Everett, 110 N. Y. 317; Bowles v. Hobermann, 95 N. Y. 246; Matter of Weber, 165 Misc. 815). Defendant husband, accordingly, has the legal right of appearing through counsel in defense of the action. Should the court assign counsel to the imprisoned defendant 1 It has been held that the court has inherent *30 power apart from statute to assign counsel for defense of an indigent person charged with a crime (People v. Prince, 262 N. Y. 410). The court upon motion brought may grant permission for a defendant to proceed as a poor person in a civil proceeding (CBLB 1101), and has discretion to assign an attorney upon granting such leave (CBLB 1102, .subd. [a]). Lacking a factual showing here that defendant is a poor person, the court will not assign counsel. However, defendant can communicate with any of the following organizations who may provide him with legaj counsel:
Brooklyn Bar Association
123 Bemsen Street, Brooklyn, N. Y. 11201
Community Action for Legal Services, Inc.
80 William Street, New York, N. Y. 10038
Brooklyn Legal Services Corporation
503 Bennsylvania Avenue, Brooklyn, N. Y. 11207.
Should the defendant be present at the proceedings? The counterclaim is a cause of action by the defendant against the plaintiff (CBLB 3019, subd. [a]). Section 79 of the Civil Bights Law “ suspends, during the term of the sentence, all the civil rights * * * of, or held by, the person sentenced ”. (See,
also, CBLB 208.) This defendant is now serving time, in a State prison, for a felony conviction, and lacks capacity to sue or bring an action or proceeding. The counterclaim, therefore, is stricken from defendant’s answer.
In addition, and inasmuch as plaintiff’s action is not based on defendant’s adultery, the defendant cannot set up the defense of recrimination — plaintiff’s alleged adultery. The defendant’s motion to have the court appoint a doctor to determine if the plaintiff is pregnant is denied.
The issue of custody of the infant child of the parties, now 13 years of age, is no longer before the court, as the papers submitted by the plaintiff (attorney’s affidavit) in opposition to defendant’s motion state that although she seeks custody of the younger child, she is willing to leave the question of permanent custody open until .such time as the defendant is released from prison and can appear before this court or the Family Court on such question.
Accordingly, defendant’s request to personally appear at the trial is denied (see Bagley v. Bagley, 57 Misc 2d 388).