## (February 9, 1970)

■ BAY RIDGE MORTGAGE CO., INC., et al., Respondents, v. LINCOLN METAL PRODUCTS CORPORATION, Appellant.— In an action *inter alia* to recover commissions upon a proposed sale of a business, defendant appeals from an order of the Supreme Court, Kings County, dated May 22, 1969, which denied its motion for a protective order against inspection of a certain agreement pursuant to which the capital stock of defendant was sold to a purchaser other than the one procured by plaintiffs. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion granted. Under the circumstances of this case we are of the opinion that the document and information sought to be discovered are not material and necessary within the scope of CPLR 3101 (*M B Steel Corp.* v. *United Steel Warehouse Corp.*, 23 A D 2d 579; cf. *M B Steel Corp.* v. *United Steel Warehouse Corp.*, 23 N Y 2d 838). Christ, Martuscello and Kleinfeld, JJ., concur; Beldock, P. J. and Munder, J., dissent and vote to affirm the order.

■ PAULINE BROUNSKY, Respondent, v. JOHN W. BROUNSKY, Appellant.— In an action for divorce pursuant to subdivision (3) of section 170 of the Domestic Relations Law, defendant husband appeals from an order of the Supreme Court, Kings County, entered September 5, 1969, which denied his motion to stay all proceedings in the action and for assignment of counsel. Order modified, on the law, the facts and in the exercise of discretion, by striking therefrom the second decretal paragraph and by substituting therefor the following: " ORDERED that the defendant's motion for the assignment of counsel be and the same hereby is granted; and Joseph Crea, Esq., of 250 Joralemon Street, Brooklyn, New York, 11201, is assigned to defend the action on the defendant's behalf." As so modified, order affirmed, without costs. In our opinion, the denial of the stay was proper, since there was no showing that defendant's physical presence at the trial will be necesary, and since it appears that his rights may be adequately protected by counsel (*Bagley* v. *Bagley*, 57 Misc 2d 388, and cases cited therein; see, also, *Garner* v. *Garner*, 59 Misc 2d 29). However, inasmuch as defendant is imprisoned without the State, and since his claim of indigency is uncontradicted, the denial of his request for the assignment of counsel was, in our view, an improvident exercise of discretion (cf. CPLR 1102, subd. [a]; *Garner* v. *Garner, supra*). Rabin, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

■ LEONA CITRIN, Individually and as Administratrix of the Estate of PHILIP CITRIN, Deceased, Respondent, v. FRANK GARVEY, Defendant, and LILLIAN MESH, Appellant.— Order of the Supreme Court, Kings County, dated March 26, 1969, affirmed, with $10 costs and disbursements. No opinion (but see *Augenbraun* v. *G & B Distributors*, 17 A D 2d 785). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.