John T. Clancy, S.
In this adoption proceeding, the child’s parents were divorced in 1968 on the ground of cruel and *367 inhuman treatment. Custody of the child was awarded to the mother, who was the plaintiff in that action. She remarried in 1969, and her present husband wishes to adopt the child.
On February 2,1970, after the divorce and the mother’s remarriage, the child’s father was convicted of a felony and on March 4, 1970, he was sentenced to an indeterminate period of imprisonment for a maximum term of four years. Petitioner’s attorney questions whether it is necessary to cite the child’s father, contending that the sentence of imprisonment deprived him, of his civil rights.
Section 111 of the Domestic Relations Law requires the ^ sent of the parents of a child born in wedlock except that6 sent shall not be required of a parent who * * * has i. deprived of civil rights ”.
Section 79 of the Civil Rights Law (formerly section 510 of the Penal Law) provides in part as follows: “A sentence of imprisonment in a state prison for any term less than life * * * suspends, during the term of the sentence, all the civil rights * * * or powers of * * * the person sentenced ’ ’. It has been held that this section suspends a prisoner’s right to sue, but not his right to defend if another person commences suit against him. (Green v. State of New York, 278 N. Y. 15, 18; Avery v. Everett, 110 N. Y. 317, 332-333; Bowles v. Habermann, 95 N. Y. 246, 250.)
In the Matter of Weber (165 Misc. 815) it was held that a prisoner who had filed objections to an executor’s account could move for an examination of the executor. The court noted that the prisoner had not initiated the litigation and that he had a right to defend. In order to implement his defense, he was permitted to move for an examination of the executor.
The court succinctly stated the governing principles in the following language (p. 816): “The rule resulting- from the necessities of the situation and one amply supported by authority is that though an imprisoned felon cannot prosecute a suit or institute a special proceeding he can defend himself in an action or proceeding instituted against him. ’ ’
Consistent with the above principles, it has been held that a prisoner could defend a divorce action but that he could not interpose a counterclaim. (Garner v. Garner, 59 Misc 2d 29.) If a prisoner may defend his status as a husband in a divorce action, he should likewise be permitted to defend his status as a parent in an adoption proceeding.
The court has noted the decision in Matter of Anonymous (17 Misc 2d 691) wherein it was held that a felon’s consent to *368 adoption is not necessary and that he is not entitled to notice but the weight of authority seems to favor a contrary result.
This court, therefore, directs that a citation issue to the natural father of the adoptive child.