In the Matter of the Claim of RICHARD BILELLO, Appellant, *v.* A. J. ECKERT Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 12, 1973.

*John E. Kirklin* for appellant.

*Foley, Smit & Morabito* (*Dominick A. Morabito* of counsel), for A. J. Eckert Co. and another, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Henriette Frieder* of counsel), for Workmen's Compensation Board, respondent.

STALEY, JR., J. This is a motion by claimant for leave to prosecute his appeal as a poor person; for a free transcript of the stenographic minutes of the Workmen's Compensation

Board hearing of May 16, 1972; and for permission to be heard on the original record.

Claimant was injured in November, 1965 and collected disability benefits until October 10, 1966 when he was arrested and charged with murder. On July 18, 1968 he was convicted of murder in the second degree, and on September 18, 1968 he was sentenced to a term of 40 years to life which he is now serving in Clinton Correctional Facility. His benefits were terminated as of the date of his arrest and the board confirmed this determination in a decision dated January 21, 1970 concluding that his loss of earning capacity was occasioned not by his injury, but by his incarceration. Subsequently, claimant moved to reopen the case and, in a decision filed August 7, 1972, the board denied the application and adhered to its original determination. Claimant took a timely appeal and made this motion to prosecute his appeal as a poor person pursuant to CPLR article 11.

Claimant contends that he is entitled to continue to receive the benefits on the basis of a 50% disability, but in any event, he should receive those benefits for the period from October 10, 1966 until July 18, 1968, when he was convicted. Claimant alleges the denial of all benefits after his arrest on October 10, 1966 was based on the bar imposed by the so-called Civil Death Statute (Civil Rights Law, § 79-a), and, further, that that section, insofar as it bars him from presenting this appeal, violates his fundamental constitutional right to access to the courts and to due process and equal protection of law as guaranteed by the First and Fourteenth Amendments of the United States Constitution, and that it constitutes cruel and unusual punishment in violation of the Eighth Amendment.

It has been held that a denial of the right to enforce an obligation which accrued or a property right which vested before civil death is equivalent to treating civil death as having operated to divest the convict of his property and directing a forfeiture of his property. However, in such cases, the courts have relegated the convict to the procedure provided by section 320 of the Correction Law, and required the substitution of a committee to prosecute his action. (*Shapiro* v. *Equitable Life Assur. Soc. of U. S.*, 182 Misc. 678, affd. 268 App. Div. 854, affd. 294 N. Y. 743; *Matter of Garner* v. *Shulte Co.*, 23 A D 2d 127; cf. Civil Rights Law, § 79-b.)

Subdivision 1 of section 79-a of the Civil Rights Law provides that " a person sentenced to imprisonment for life is thereafter deemed civilly dead ". The issue presented here is whether this statute prohibits claimant from prosecuting his appeal in his

individual capacity regardless of the merit of his appeal and, if such is the effect of the statute, is it constitutional.

Heretofore, a person deemed civilly dead had no right to sue in a civil action, although he could be sued and was permitted to defend actions brought against him (*Bagley* v. *Bagley,* 57 Misc 2d 388; *Matter of Weber,* 165 Misc. 815), or appeals in which he was respondent. (*Bowles* v. *Habermann,* 95 N. Y. 246.) Such a person is entitled to access to the courts where the litigation relates to his conviction or sentence, or to conditions of imprisonment. (Civil Rights Law, § 79-c; *Matter of Marcelin* v. *Scott,* 33 A D 2d 588.)

Prisoners serving life sentences may never be able to sue under the present law, since CPLR 208 limits the tolling of the Statute of Limitations to 10 years from the date the cause of action accrues; thus, prisoners imprisoned for 10 years or more are deprived of their claim.

Prisoners sentenced to a reformatory or county penitentiary, but not to a State prison, do not lose their right to sue (*Todzia* v. *State of New York,* 53 Misc 2d 200; *Foster* v. *State of New York,* 205 Misc. 736). However, if the prisoner sentenced to a reformatory is physically transferred to a State prison, he civilly dies (*Todzia* v. *State of New York, supra*). Pretrial detainees and sentenced misdemeanants do not suffer civil death (*Bowles* v. *Habermann,* 95 N. Y. 246, *supra*), although, due to the brevity of their confinement, they would be better able to cope with the disability. Thus, similarly situated prisoners are treated differently and second, insofar as groups of prisoners are classified differently, the classifications are unreasonable in light of their purpose. (See *McLaughlin* v. *Florida,* 379 U. S. 184, 191; *Stephens* v. *Yeomans,* 327 F. Supp. 1182.) A person sentenced to imprisonment for life is deprived of equal protection of the law by the statutory declaration of civil death and the statute violates the Fourteenth Amendment of the United States Constitution. (See *Delorme* v. *Pierce Freightlines Co.,* 353 F. Supp. 258.)

Likewise, the prohibition of access to the courts resulting from the effect of the provisions of section 79-a is also violative of the due process requirement of the Federal Constitution.

In the case of *Boddie* v. *Connecticut* (401 U. S. 371, 377) Justice HARLAN, in discussing the rights of persons seeking access to the judicial process in the first instance, stated: " Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty

through the judicial process must be given a meaningful opportunity to be heard.'' and (p. 379): '' In short, ' within the limits of practicability ' [*Mullane* v. *Central Hanover Tr. Co.*, 339 U. S. 306, 318], a State must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause.''

The statute involved here has been referred to as a '' relic of medieval fiction '' (*Shapiro* v. *Equitable Life Assur. Soc. of U. S.*, 182 Misc. 678, 680, *supra*), and as an '' outdated and inscrutable common law concept ''. (*Urbano v. News Syndicate Co.*, 358 F. 2d 145, 148, n. 3.)

To the extent that section 79-a of the Civil Rights Law prohibits appellant from prosecuting his appeal, the statute is unconstitutional as violative of the Fifth and Fourteenth Amendments of the United States Constitution.

We further note that chapter 687 of the Laws of 1973 which becomes effective on September 10, 1973 amends subdivision 2 of section 79-a of the Civil Rights Law to provide that '' A sentence to imprisonment for life shall not be deemed to suspend the right or capacity of any person so sentenced to commence, prosecute or defend an action or proceeding in any court within this state or before a body or officer exercising judicial, quasi-judicial or administrative functions within this state '' subject to certain conditions relative to the appearance in court of the prisoner and the charge of certain expenses to the State. It is evident from the recent enactment of this amendment to section 79-a that after the effective date of the amended law, the relief that appellant seeks here would be available to him as a matter of right under the statute.

The motion insofar as it seeks permission to prosecute the appeal upon the original file of the Workmen's Compensation Board together with seven copies of brief and appendix should be granted and in all other respects denied, without costs. In lieu of furnishing the original file, the board may submit one copy of it to the Clerk of the court.

HERLIHY, P. J., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Motion insofar as it seeks permission to prosecute the appeal upon the original file of the Workmen's Compensation Board together with seven copies of brief and appendix granted and in all other respects denied, without costs. In lieu of furnishing the original file, the board may submit one copy of it to the Clerk of the court.