■ JUDITH POPE, Respondent, v KENNETH POPE, Appellant. [604 NYS2d 137] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered April 4, 1991, as, after a nonjury trial, granted a divorce to the plaintiff wife.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The husband solicited a police officer to murder the wife, and, after a plea of guilty, was sentenced to an indeterminate term of 2 to 6 years imprisonment. The plaintiff wife had begun the present action for divorce in December 1985 before

the husband went to prison. The trial of the action began in 1988 while the husband was still incarcerated.

The husband argues on appeal that the Supreme Court improvidently exercised its discretion in denying his attorney's request for an adjournment. The husband's attorney requested a continuance of the trial on the ground that the husband had been granted parole and was scheduled to be released within three weeks. The court denied this application to·the extent that it proceeded to the trial of the issue of whether a divorce was warranted; however, the economic and custody issues were deferred. On appeal, the husband does not challenge the court's findings or conclusions as to the ancillary issues.

The husband's attorney did not show that he had made reasonable efforts to obtain his client's presence at trial by court order (see, e.g., CPLR 2302 [b]), or to obtain the husband's deposition (see, e.g., CPLR 3106 [c]; 3117 [a] [3] [iii]). A prisoner has no absolute right to appear personally at a civil trial to which he is a party; such a right, to the extent it exists at all, is subject to the discretion of the trial court (see, Brounsky v Brounsky, 33 AD2d 1028; Bagley v Bagley, 57 Misc 2d 388; see also, Myers v Emke, 476 NW2d 84 [Iowa]; Clements v Moncrief, 549 So 2d 479, 481 [Ala]; Caynor v Caynor, 213 Neb 143, 327 NW2d 633; State ex rel. Gladden v Sloper, 209 Ore 346, 306 P2d 418; cf., Strube v Strube, 158 Ariz 602, 764 P2d 731; In re Marriage of Burnside, 777 SW2d 660 [Mo]; Annotation, State Prisoner's Right to Personally Appear at Civil Trial to Which He Is a Party, 82 ALR4th 1063).

In this case, there was no showing that the husband, if he had been permitted to give testimony directly or by way of deposition, could have successfully raised a defense to the wife's request for a divorce. Further, the application for an adjournment was made at the last possible moment, as the trial was about to commence. Under these circumstances, the trial court did not improvidently exercise its discretion in denying the husband's request for an adjournment (see, e.g., Brounsky v Brounsky, supra; Bagley v Bagley, supra; see also, State ex rel. Gladden v Sloper, supra).

The husband also argues that he and the wife did not live separate and apart for at least one year pursuant to their 1983 separation agreement, as modified in 1985 (see, Domestic Relations Law § 170 [5]). This argument contradicts his own pleadings; in his answer, the husband admitted that he and the wife had lived apart for over a year. Under these circum-

stances, we find that the plaintiff proved her right to a "conversion divorce" (Domestic Relations Law § 170 [5]).

We have examined the husband's remaining contention and find it to be without merit. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.