## HAGGERTY v. UNITED STATES.

## KOONTZ v. SAME.

(Circuit Court of Appeals, Seventh Circuit. March 19, 1925.)

Nos. 3465, 3476.

**1. False personation ⇐=1—Prohibition agent can be convicted of aiding and abetting others in falsely assuming to be prohibition agents.**

A United States prohibition agent, who aided and abetted others in falsely assuming to be prohibition agents, and thereby obtaining money in violation of Criminal Code, § 32 (Comp. St. § 10196), is subject to prosecution, though section 332 (Comp. St. § 10506) makes a person who aids and abets in the commission of a crime a principal, and such agent could not commit crime aided and abetted.

**2. False personation ⇐=6—Evidence held to warrant finding that defendant not prohibition agent.**

In prosecution for falsely assuming to be United States prohibition agent and obtaining certain amount from certain person as such, evidence *held* to warrant finding that defendant was not prohibition agent.

**3. Criminal law ⇐=1170½(2)—Cross-examination of defendant as to other offense held harmless, in view of subsequent exclusion of evidence of other witness.**

Cross-examination of defendant as to whether he committed other similar offense, denied by defendant, *held* harmless, in view of subsequent exclusion of evidence of other witness on subject.

**4. Criminal law ⇐=823(10)—Charge held not objectionable as confining jury to consideration of government's testimony.**

Charge to convict if jury believed beyond reasonable doubt the testimony submitted by the government was true, but adding that whether the facts were proved beyond a reasonable doubt was a question for the jury, *held* not erroneous as telling jury to consider merely the evidence of the government and not that of the defendant, in view of other portions of charge.

**5. Criminal law ⇐=822(1)—Portion of charge claimed erroneous must be considered with entire charge.**

Portion of the charge claimed to be erroneous must be taken in connection with the entire charge.

**6. Criminal law ⇐=741(1), 742(1)—Weight of evidence and credibility of witnesses was for jury.**

The weight of the testimony and credibility of witnesses was for the jury.

**7. Criminal law ⇐=1144(16)—Circuit Court of Appeals must assume from verdict of guilty that jury believed government's evidence beyond reasonable doubt.**

The Circuit Court of Appeals must assume, from verdict finding defendants guilty, that jury did not believe defendants' testimony and did believe the evidence for the government beyond a reasonable doubt.

**8. Criminal law ⇐=1186(4)—Instruction held harmless in view of evidence.**

Charge authorizing conviction if jury believed beyond reasonable doubt the testimony submitted by the government was true, if erroneous on theory that jury might have believed beyond reasonable doubt that evidence for prosecution was true and yet have entertained reasonable doubt of defendants' guilt, *held* harmless under Judiciary Act, § 269 (Comp. St. Ann. Supp. 1919, § 1246), in view of evidence.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

James Haggerty and Claude Koontz were convicted of assuming to be United States Prohibition Agents and demanding and obtaining money as such, and they bring error. Affirmed.

Henry W. Freeman, of Chicago, Ill., for Haggerty.

Edwin A. Feldott, of Chicago, Ill., for Koontz.

Edwin A. Olson and John Elliott Byrne, Sp. Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. Haggerty, Koontz, and one Partlow were tried on counts 1 and 5 of an indictment, the first charging Koontz and Partlow with falsely assuming to be United States prohibition agents and as such demanding and obtaining from one Joseph Stahl $2,100, and Haggerty with aiding and abetting them therein. Count 5 charged the three with conspiracy to commit the said offense. Partlow was acquitted, and the others convicted on first count only, and each sentenced to imprisonment in penitentiary for a year and a day and $1,000 fine.

[1] The first count is predicated on section 32 of the Criminal Code (Comp. St. § 10196), which provides that whoever, with intent to defraud the United States or any person, shall falsely assume or pretend to be a federal officer, and shall in such pretended character demand or obtain from any person any money or other valuable thing, shall be punished as provided. For Haggerty it is contended that being, as in fact he was, a federal prohibition officer, he was incapable of violating section 32, and could not properly be convicted on the first count. The count definitely charges Haggerty with aiding and abetting the others in commission of the crime, and the evidence offered against him shows his part therein to have been

that of an aider and abettor. But it is pointed out that section 332 of the Criminal Code (Comp. St. § 10506) provides: "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal," and that by virtue thereof, notwithstanding the indictment and proofs may show his participation to have been that of aider or abettor, he became in law, by virtue of the statute, a principal, and being in fact an officer, cannot as a principal be convicted under an indictment predicated on false assumption of official character.

Had Haggerty, a federal officer, been shown in such character to have fraudulently demanded and received money from another, it could hardly be claimed that his conviction under section 32 would have been proper. But the count distinctly charges him to have aided and abetted the others in the crime, and the evidence was that whatever participation he had in the crime was only as aider and abettor. This being so, even though he may have been incapable of committing the crime defined in section 32, he was not incapable of aiding and abetting another in the commission of the crime. Section 332 does not assume to change facts. Before the statute aiders and abettors of others in the commission of crime were punishable as such, whether or not they were themselves capable of committing the principal crime. Wharton Crim. Law (10th Ed.) § 211; Coffin v. United States, 162 U. S. 664, 16 S. Ct. 943, 40 L. Ed. 1109. The statute, in designating aiders and abettors as principals, granted them no immunity, but merely prescribed and simplified the means and manner of procedure for their prosecution on account of their part in the crime.

[2] On behalf of Koontz it is urged that there is no evidence that he was not the federal officer it is charged he pretended to be. Whether or not the negative fact that he was not a federal officer (often difficult of proof by the prosecution) may be assumed in the absence of proof to the contrary (so readily adducible by defendant if in fact he was an officer) we need not consider. It happens that the record here discloses evidence from which the jury was warranted in concluding he was not a federal officer. In his own behalf he testified, in answer to inquiries respecting his business, that for 2½ years next before the trial he was selling automobile tires and accessories for a garage at Sheridan and Broadway, Chicago, and for about a year before that was selling insur-

ance. In thus assuming to state what his business was, and failing to make mention of the business of federal officer, we deem it fairly inferable from the evidence that he was not such officer.

[3] It is further complained that on cross-examination Koontz was improperly required to answer questions respecting another and similar offense. He was so asked and made full denial. But when on rebuttal a witness thereon was offered by the prosecution, on objection being made the court suggested doubt of its admissibility, and the witness was withdrawn and no evidence on the subject was admitted. In this no prejudice to Koontz is apparent.

For both defendants it is earnestly contended that the court seriously erred in charging the jury that "if the facts as related by the government are true, if you believe these facts as the true facts beyond a reasonable doubt, then there is no question as to the guilt of all these three defendants on the first count." Upon objection at the close of the charge, the court restated it in the words: "That if the jury believed that the testimony submitted by the government was true beyond a reasonable doubt, then they shall find the defendants guilty upon the first count, but whether or not these facts are proven it is for them to determine whether these facts are proven beyond a reasonable doubt. That is for them."

[4, 5] It is urged that this charge left the jury at liberty to consider only the evidence offered for the government. We do not think that in this respect it was limited so narrowly, especially when, as any portion of a charge must be, taken in connection with the entire charge. In saying, "If you believe beyond reasonable doubt the testimony submitted by the government is true," the jury was not told that in reaching its conclusion it may consider only the evidence for the government. The natural inference would be that any conclusion reached should be from consideration of all of the evidence which was admitted on the trial. The charge in its final form stated that whether or not these facts were proven beyond a reasonable doubt was a question for the jury. Elsewhere in the somewhat lengthy charge the jury was told that they must decide the case on the evidence submitted. The evidence was reviewed, and, after stating facts adduced for the government, as well as those for defendants, they were told they must determine where the truth lies, and are the ultimate judges of the facts, and that any opinion thereon expressed by the court may be ig-

nored. They were duly charged as to the credibility of witnesses, and told they must not disbelieve defendants who testified merely because they are defendants; that they must pass on the question as to whether "under this evidence the defendants or one or more of them had been proven guilty to a moral certainty in your minds. If they have, they should be convicted; if they have not, they should be acquitted. The law, as I told you in the beginning, was that the defendants must be proven guilty beyond a reasonable doubt by the evidence. There is a presumption of innocence which exists in favor of every defendant, and that presumption must be removed by evidence beyond a reasonable doubt. If you have a reasonable doubt as to the guilt of any defendant, * * * based on the evidence, * * * you must acquit."

We think that, apart from the construction to be given the portions objected to, the charge in its entirety repels the conclusion that the jury was, or had reason to believe it was, limited to the evidence offered by the government in consideration of the proposition of reasonable doubt. Besides, counsel's exception to the charge was not that it was predicated only on the evidence for the government but was directed rather to the proposition which we next consider.

Whether or not by the charge complained of the court invaded the province of the jury presents a more serious question. The charge is not a mere expression of the court's opinion respecting the facts, but a direction to the jury to find the defendants guilty on the first count if they believe beyond reasonable doubt the evidence offered for the government. Generally speaking, the state of mind which the evidence must induce to admit of a verdict of guilty is belief beyond reasonable doubt of the guilt of the accused. It is readily conceivable that a jury might believe beyond reasonable doubt that the evidence for prosecution is true, and yet entertain reasonable doubt of the guilt of the accused. A charge in this form, even if sustainable in its application to a particular state of facts, would have been not less instructive had it been predicated upon belief beyond reasonable doubt of guilt of the accused. A charge in the form given, in event of conviction, invites further proceedings and complications, often serious, always more easy to be avoided than met.

However, careful search of the record convinces us that these defendants suffered no material harm from the charge complained of. If from all the evidence before them the jury believed beyond reasonable doubt the evidence for the government, then they believed beyond reasonable doubt that the defendants came to the premises one afternoon, and Koontz said to Stahl they were government officers, and showed a paper and his photograph for the evident purpose of lending verity to the claim; that they had come to search for liquor, and Koontz and Haggerty searched the premises finding a jug of whisky, whereupon Koontz, displaying a pair of handcuffs, told Stahl he was pinched and would have to go along unless he put up $2,000 as security for his appearance the following Monday to give bail, and that thereupon Stahl got the $2,000, gave it to Koontz who demanded another $100, which Stahl had displayed, and was also given him, and that all three defendants then left the premises. Koontz admitted going to the premises, but said it was for the purpose of getting back from Stahl about $200 he had paid him for some whisky which Stahl had represented to be of good quality like a sample shown, but was in fact a spurious and much inferior article; he denied saying he was a federal officer and that he threatened arrest, or demanding or taking any money except what was refunded for the whisky; denied all knowledge of or acquaintance with Haggerty, and that Haggerty was with him at the house. Haggerty disclaimed all knowledge of the entire transaction, any acquaintance with Koontz or Stahl, denied his presence at the place, but maintained he was at the very time attending to official duties in another part of the city. It was not claimed that the money was demanded or paid or the handcuffs shown in Haggerty's presence.

[6-8] The weight of the evidence and the credibility of witnesses was for the jury, and assuming, as we must from the verdict, that Koontz and Haggerty were disbelieved, and the evidence for the government was believed beyond reasonable doubt, under the facts so appearing and believed, there is practically no room for contention that their presence at this residence was out of innocent motives, or that any such facts or circumstances raise a reasonable doubt of their guilt. While in a given case a jury might find the evidence for the government true beyond reasonable doubt, and might still entertain reasonable doubt of guilt of the accused, yet where, as here, the evidence for the government, if believed to be true, leaves no room for doubt as to the guilt of the accused, the case fairly falls within section 269 of the Judiciary Act (Comp. St. Ann. Supp. 1919, § 1246), which provides that on hearing of a

writ of error the court shall, on examination of the entire record, give judgment without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties. Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185.

The judgment is affirmed.