[Crim. No. 1880. Second Appellate District, Division One.—September 3, 1929.]

In the Matter of the Application of MARSHALL HUDSPETH for a Writ of Habeas Corpus.

M. H. Broyles for Petitioner.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputies City Prosecutor, for Respondent.

CONREY, P. J.—On petition of the applicant a writ of *habeas corpus* was issued and served. Return was duly made and the matter is submitted for decision.

In the Municipal Court of the city of Los Angeles petitioner was convicted on a misdemeanor charge and on Janu-

ary 18, 1929, was sentenced to a term of seven months in the city jail. Immediately he gave notice of appeal and the court ordered that he be admitted to bail in the sum of two thousand five hundred dollars. No undertaking of bail was filed, and the defendant remained in custody during the pendency of the appeal and has continuously been in custody of the chief of police and in the city jail since the eighteenth day of January. The judgment was affirmed and a certified copy of the order of affirmance having been filed in the Municipal Court, a commitment was issued and delivered to the chief of police on the eleventh day of March, 1929. This was in accordance with section 1470 of the Penal Code, except that the commitment went to the chief of police and not to the sheriff.

Petitioner claims that he has been imprisoned under the judgment since the eighteenth day of January, and that, therefore, his term of seven months' imprisonment has been completed. Respondent contends that said seven months' term did not begin until the commitment was issued as above stated. If the period of time while the appeal was pending is to be computed as part of the time of sentence served, the petitioner is entitled to his liberty; otherwise, he should be remanded to custody. It was the rule at common law that a writ of error operated by its own inherent force as a *supersedeas* of all proceedings on the judgment. (3 Cor. Jur., p. 1272.) The common law is in force as law in this state in the absence of statutory provisions at variance with the common law. There does not appear to be any statutory provision in this state, either in the Penal Code or elsewhere, changing the common-law rule as to the effect of an appeal or writ of error upon the right of enforcement of a judgment of a justice's court or municipal court in a misdemeanor case. Accordingly it was held in *People* v. *Treadwell*, 66 Cal. 400 [5 Pac. 686], that an appeal from judgment of a justice's court operated as a suspension of the judgment of the lower court for all purposes, and that during the pendency of the appeal there was no judgment of the justice's court presently capable of being carried into effect. It is provided by section 1461a of the Penal Code (Stats. 1925, p. 943), that the procedure to be followed in misdemeanor cases in the municipal courts shall be the same as is provided for in the chapter contain-

ing said section for proceedings in justice's and police courts, as specifically provided in certain numbered sections of said code, and except where other provisions of law provide for different procedure.

The suggestion is made that under circumstances like those presented in this case it is unjust that a defendant who remains in custody during pendency of his appeal shall not be allowed credit for the time of his actual detention in jail while the appeal is pending. If so, that would be a proper subject for legislative consideration. It might be appropriately noted, however, that there may be circumstances under which an appealing defendant would claim full benefit of his right of appeal and insist that while detained in custody for want of bail, pending the appeal, he should not be held to be serving his sentence under the judgment. This may be illustrated by reference to section 1613 of the Penal Code, which provides that "Persons confined in the county jail under a final judgment of imprisonment rendered in a criminal action or proceeding, may be required by an order of the board of supervisors to perform labor on the public works or ways in the county." This is a long-standing provision of the code, except that the word "final" was inserted therein by the statutes of the present year. Amendment was so made probably in recognition of the law that such requirement as to labor on the public works might not be enforced against a defendant whose sentence had not become final. This would appear to be the correct rule in accordance with the principle that while the appeal is pending, the judgment is not enforceable against the defendant. A detention during pendency of the appeal (subject to his right to be admitted to bail) is of the same character as a detention on the charge made against him during the pendency of the action in the trial court down to the time of pronouncement of judgment and taking of the appeal.

The prisoner is remanded to custody.

Houser, J., and York, J., concurred.