HERBERT GREEN, Respondent, *v.* THE STATE OF NEW YORK, Appellant.*
(Claim No. 23893.)

Fourth Department, May 5, 1937.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden* and *John A. Behan, Assistants Attorney-General,* of counsel], for the appellant.

*John F. Tomaney,* for the respondent.

LEWIS, J. While the claimant-respondent was serving a sentence of twenty-five years in Auburn State Prison he sustained personal injuries which the Court of Claims has found were due solely to negligence by agents of the State. Upon this appeal from an award of damages the Attorney-General argues for reversal of the judgment and a dismissal of the claim upon the ground that claimant's

* Revg. 160 Misc. 398.

right to sue the State is a civil right which is suspended by section 510 of the Penal Law during the term of his sentence. The statute thus invoked provides:

" § 510. Forfeiture of office and suspension of civil rights. A sentence of imprisonment in a State prison for any term less than for life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced."

No special enabling act by the Legislature conferred upon the Court of Claims jurisdiction to hear and determine this claim against the State. It was filed in accord with section 12-a of the Court of Claims Act (added by Laws of 1929, chap. 467), which then provided in part:

" § 12-a. Waiver of immunity from liability for torts of State officers and employees. The State hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the Supreme Court against an individual or a corporation, and the State hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the Court of Claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee."

It has been said that the purpose of the statute last quoted was " to declare that in the conduct of trials held subsequent to September 1, 1929, the State assumes liability, if the evidence warrants a finding of negligence by its officers or employees, and that subsequent to September 1, 1929, the Court of Claims shall possess jurisdiction to determine the facts and the law in accordance with the same rules as apply to actions in the Supreme Court against individuals." (*Jackson* v. *State of New York*, 261 N. Y. 134, 139.) The statute thus transformed an unenforcible moral obligation into an actionable legal right and applied to the State the rule of *respondeat superior*.

We do not agree with the Court of Claims that because section 12-a of the Court of Claims Act applies to " all claims against the State " it relieves this claimant from any limitation imposed by section 510 of the Penal Law upon his right to sue the State during his imprisonment. Although section 12-a constitutes " a recognition and acknowledgment of a moral duty demanded by the principles of equity and justice " (*Jackson* v. *State of New York*, *supra*, p. 138), the Legislature has apparently not yet recognized and acknowledged a moral duty to relieve a convicted felon from

the suspension of his civil right to enter our courts as a suitor which section 510 of the Penal Law still imposes during the period of his sentence.

We believe that " civil rights " as distinguished from rights which are naturally inherent, are those defined and given by positive law enacted for the maintenance of government. In considering the meaning of the same phrase as found in the Revised Statutes (2 R. S. 701, § 19), of which section 510 of the Penal Law is a substantial re-enactment, the Court of Appeals has said: " Ordinarily they [civil rights] must mean all those rights which the laws give a person — which depend upon the laws of the community in which he lives, and of which he is a member." (*Bowles* v. *Habermann*, 95 N. Y. 246, 247.)

Within this concept the enactment of section 12-a of the Court of Claims Act waived the State's sovereign immunity to suit and gave the new civil right to prosecute a cause of action against the State for tort liability under rules the same as those governing actions against individuals. That right, however, was not accorded him who may be serving " a sentence of imprisonment in a State prison for any term less than for life." A law which has been regarded as declaratory of the common law (Revisers' Notes, 3 R. S. [2d ed.] 835; *Troup* v. *Wood*, 4 Johns. Ch. 228; *Planter* v. *Sherwood*, 6 id. 118; 2 Kent's Comm. [6th ed.] 386) remains unamended upon our statute books and suspends, during the term of his sentence, the civil right of a State prison inmate to prosecute a cause of action. (Penal Law, § 510; *Davis* v. *Duffie*, 8 Bosw. 617, 629, 630; affd., 3 Keyes, 606; see pp. 607–608 [also reported in 4 Abb. Pr. (N. S.) 478, 482]; *Bowles* v. *Habermann*, 95 N. Y. 246, 248–250; *Avery* v. *Everett*, 110 id. 317, 332, 333; *Bonnell* v. *R., W. & O. R. R. Co.*, 12 Hun, 218, 219; see, also, 1 Chitty on Criminal Law [5th ed.], p. 724.)

If claimant's right to sue the State as a tort feasor is to be excepted from those civil rights which are suspended by the statute during the term of his sentence to a State prison, that end must be accomplished through legislative action, not by judicial interpretation. Our freedom to construe does not give us freedom to amend.

The judgment from which appeal is taken should be reversed on the law and the claim dismissed, with costs, without prejudice, however, to the prosecution by the claimant of his claim against the State after his present imprisonment has been terminated.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment reversed on the law, with costs, and claim dismissed, with costs, without prejudice, however.