MICHAEL RUSSO, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 23946.)

Court of Claims, June 14, 1937.

*William L. Clay* [*Fred E. Wegner* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Deputy Assistant Attorney-General,* of counsel], for the State of New York.

RYAN, J: The State has moved for the dismissal of this claim on the ground that under section 510 of the Penal Law claimant's rights were suspended and this court does not have jurisdiction to hear and determine his claim. Claimant alleges that while he was an inmate of Attica Prison and on August 30, 1934, while engaged in cutting weeds and grass with a scythe, as he was directed to do, he severed three fingers of his left hand. Claimant filed a notice of intention with the Department of Law on November 3, 1934, and with the Department of Public Works on the same date. He filed the original of his claim with the clerk of the Court of Claims on February 1, 1935, and a copy thereof with the Department of Public Works on the same date. This filing did not comply with section 12-a of the Court of Claims Act as it then read and prior to its amendment by chapter 775 of the Laws of 1936.

Thereafter chapter 938 of the Laws of 1936 was enacted. The Attorney-General argues that this enabling act was intended only to correct the error in filing. True, such object was clearly set forth in it. In addition, as we are convinced after careful reading and consideration of the entire act, it was intended to give this court jurisdiction to hear and determine the claim of the prisoner Russo on the merits. The language is substantially the same as that used in chapter 961 of the Laws of 1935. Pursuant to the last named legislation this court gave an award to a prison inmate for injuries sustained by him through the negligence of the State's employees. The defense suggested by the provisions of section 510 of the Penal Law was interposed. Nevertheless our award was affirmed by the Appellate Division, Third Department (*Bhullar* v. *State,* 248 App. Div. 802).

But recently (May 5, 1937) the Appellate Division, Fourth Department, has reversed a decision of this court which held that section 12-a was in effect an enabling act which superseded the provisions of section 510 of the Penal Law. (*Green* v. *State,* 160 Misc. 398; revd., 251 App. Div. 108.) Upon this authority the

Attorney-General relies in making his motion. But in the *Green* case Mr. Justice LEWIS in his opinion for reversal said: " If·claimant's right to sue the State as a *tort feasor* is to be excepted from those civil rights which are suspended by the statute during the term of his sentence to a State prison, that end must be accomplished through legislative action." Here the Legislature has acted. The motion made by the State must, therefore, be denied.

BARRETT, P. J., concurs.