John White, Appellant, *v.* The State of New York, Respondent.
(Claim No. 25163.)

Third Department, October 31, 1940.

*Frederick L. Kane* [*Stephen D. Finale* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden* and *Jacob S. Honigsbaum, Assistant Attorneys-General,* of counsel], for the respondent.

Hill, P. J. Claimant appeals from a judgment of the Court of Claims which dismissed his claim for personal injuries against the State of New York on the merits. It was determined as a conclusion of law that the agents, servants and employees of the State were not careless or negligent; that the accident was caused

by the negligence and carelessness of the claimant and that he had failed to prove facts sufficient to constitute a cause of action. The court refused to find that it had no jurisdiction of the claim.

The findings in this case are inconsistent and contradictory. From those most favorable to the appellant which are found in his requests, the following facts are established: Claimant began a term of five years' imprisonment in Sing Sing Prison in May, 1934, and was discharged, following a conditional pardon or commutation of his sentence granted by the Governor, on August 20, 1937. The claim herein was filed on or about the 21st day of March, 1938, pursuant to an order of the Court of Claims. Claimant was ordered and directed to perform the duties of a porter in the lavatory attached to the shoe shop. He was required to clean the toilet bowl of the lavatory, using a plunger furnished by prison authorities. Prior to the injury, the plunger became defective and claimant twice notified the guard in charge that it could no longer be used with safety. The guard said he would requisition a new one, but he failed to do so, " whereupon, he, Captain O'Brien, assumed to repair the plunger by attaching a nail on each side of the neck of the rubber portion of said plunger with the stick or wooden portion thereof, so as that it might more firmly adhere thereto and not detach itself therefrom." Claimant had no part in the attempted repair of the plunger and he was given " no choice and was permitted no discretion as to the manner of the attempted repair of the plunger." Thereafter he was directed " to use a worn and defective plunger to clear the drain of a pipe of a toilet bowl " which had been plugged and into which on the preceding day there had been poured lye to help loosen foreign matter. " While claimant was using the defective plunger to clear the drain pipe of a toilet bowl in the lavatory of the shoe shop on on or about the 20th day of June, 1936, it broke causing lye and acid to splash into his right eye and onto his face." Claimant was doing the work in a careful and workmanlike manner " and was not contributorily negligent to his injuries." The quotations above are from claimant's requests which were found by the court. The remainder, while not quoted, is a narrative stated from other findings. It is not disputed that claimant's right eye was enucleated thereafter in Auburn Prison and that the injury thereto was occasioned by acid. Findings in many respects directly contrary are contained in the decision and in the State's requests.

When inconsistent findings have been made, those most favorable to the appellant must prevail. ( *Neva-Wet Corp.* v. *Never Wet Processing Corp.*, 277 N. Y. 163; *Stokes* v. *Stokes*, 198 id. 301; *Elterman* v. *Hyman*, 192 id. 113; *City of Buffalo* v. *D., L. & W.*

R. R. Co., 190 id. 84; *Israel* v. *Manhattan R. Co.*, 158 id. 624; *Bonham* v. *Coe*, 249 App. Div. 428; *Atlantic, Gulf & Pacific Co.* v. *State of New York*, 202 id. 40.) In *Stokes* v. *Stokes* (*supra*) Judge VANN wrote (p. 307): " The application of that rule would require a reversal of the judgment and a new trial. It is claimed, however, by the defendant that the rule should not be applied in this case because the findings favorable to the plaintiff were inadvertently made. There is no conclusive evidence of this, and to cut out a clear and positive provision from the findings would be as illegal and dangerous as to cut out a like clause from a contract. We have no power to do so for we must take the record as it is made up and certified. If the finding was inadvertent, which we doubt in view of other findings supporting those quoted from the requests, application should have been made at a Special Term held by the justice who decided the case to have the findings corrected so as to accord with his real intention." It is unquestioned that claimant's right eye was enucleated because of an acid burn shortly after the date of the alleged accident, and there were acid burns on his face in the vicinity of the right eye. As in *Stokes* v. *Stokes* (*supra*) the findings I have quoted and paraphrased may or may not have been inadvertent. Two civilian guards of the prison gave evidence indicating that an accident did not happen as detailed by appellant. He is in part corroborated by a former inmate of the prison and by a medical report which was found after much delay in a file not ordinarily used for that type of documents, and upon which there are unexplained erasures and changes. The loss, quest for and discovery of this document as detailed is surrounded with mysterious circumstances which could well sustain an inference of intentional concealment and mutilation.

In *Atlantic, Gulf & Pacific Co.* v. *State of New York* (*supra*) former Presiding Judge COCHRANE writes (p. 42): " The findings are confusing and unsatisfactory. It is not clear therefrom what caused the walls to fall. Numerous findings were made at the request of the claimant, some of which contradict the findings as contained in the decision. The former should receive as much consideration as the latter. In cases of contradiction or inconsistency, claimant as the appellant is entitled to the benefit of the findings most favorable to itself."

Although the State has not appealed, it raises the question of claimant's disability to file and prosecute this claim, saying that he still in effect is in prison though out on parole. We agree with the Court of Claims that as claimant was discharged because the Governor had commuted his sentence, he was not under disability. The conditional pardon provided that claimant's sentence " was reduced

so as to expire August 20, 1937," and the claim was filed thereafter. This commutation, it is true, was granted upon claimant's promise as to future conduct. If he failed to keep these promises he might be further incarcerated, but at the time he filed his claim he was under no disability, which exists only " during the term of the sentence." (*Green* v. *State of New York*, 278 N. Y. 15.)

This court should make a finding as to claimant's damages and direct judgment in his favor.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Judgment reversed on the law and the facts, with costs, and judgment in favor of claimant and against the State for the sum of $4,000 is directed.

The court reverses the following findings of fact contained in the decision: No. 4 in so far as it states " was out on parole," Nos. 8, 11, 15, 16 in so far as it states that the injury was received July 1, 1936, 24, 25, 26, and disapproves the conclusions of law contained in the decision. The court further reverses the following findings of fact contained in the State's requests to find: No. 4 in so far as it states that " claimant was out on parole," Nos. 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, and the conclusions of law in the State's requests to find in so far as they are found are disapproved.

The court makes the following findings: All of those proposed by the claimant except No. 77, adopting those which are found by the Court of Claims, and determines that claimant is entitled to recover the sum of $4,000 against the State, with costs.