MICHAEL LEHRMAN, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claims Nos. 26011, 26012.)

Court of Claims, August 21, 1941.

*Francis L. McElroy* [*Richard T. Mosher* of counsel], for the claimant.

*John J. Bennett, Jr.*, Attorney-General, and *Paul Muscarella*, Assistant Attorney-General, for the defendant

BARRETT, P. J. These claims against the State were presented for damages for personal injuries. This is a motion to dismiss them upon the ground that claimant, who at the time the claims were filed was a convict on parole, is without capacity to sue, under the provisions of section 510 of the Penal Law. In the claim of *Green* v. *State of New York* (251 App. Div. 108; affd , 278 N. Y. 15) it was held that the right to sue of one sentenced to a State prison for any term less than life is suspended during the term of the sentence.

The determination of the question involved depends upon whether the sentence of imprisonment has terminated within

the meaning of said section 510 of the Penal Law. In *Matter of White* v. *State of New York* (166 Misc. 481; *White* v. *State of New York*, 260 App. Div. 413; affd., 285 N. Y. 728), where a prisoner whose term had been commuted by the Governor upon the conditions that he place himself under the supervision of the Parole Board until the expiration of the original sentence and that he be subject to arrest for a violation of any of the terms of the commutation, it was held that the right to sue was not suspended. In that case the commutation provided for a reduction in the sentence and the claim was filed thereafter.

A parole is distinguishable from the commutation involved in *Matter of White* v. *State of New York* (*supra*) and *White* v. *State of New York* (*supra*). A commutation reduces and terminates a sentence except as otherwise provided. (Correction Law, § 241; *Matter of White* v. *State of New York, supra; White* v. *State of New York, supra; People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288, 294; *People ex rel. Page* v. *Brophy*, 248 App. Div. 309; appeal dismissed, 277 N. Y. 673.)

A paroled prisoner remains in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence. (*People ex rel. Kurzynski* v. *Hunt*, 250 App. Div. 378; certiorari denied, 303 U. S. 654; *People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239.) Such a person cannot be discharged from parole until the expiration of his maximum term of sentence. (Correction Law, § 220.)

The situation of a paroled prisoner may be likened to that of a person upon whom sentence is passed and its execution suspended. In the latter case the disabilities provided by section 510 of the Penal Law apply. (*People ex rel. Forsyth* v. *Court of Sessions, supra.*) Article 8 of the Correction Law, dealing with parole, provides only for the physical liberation of the prisoner so long as he complies with the conditions of his parole. It does not, unlike a commutation, result in the termination of the sentence and the restoration of his civil rights. In the absence of statutory provision to the contrary, section 510 must be deemed applicable. As was said by Mr. Justice LEWIS in *Green* v. *State of New York* (251 App. Div. 108): " If claimant's right to sue the State as a tort feasor is to be excepted from those civil rights which are suspended by the statute during the term of his sentence to a State prison, that end must be accomplished through legislative action, not by judicial interpretation. Our freedom to construe does not give us freedom to amend."

The motion to dismiss the claims is granted and an order may be submitted accordingly.