## UNITED STATES v. TRIERWEILER et al.
### No. 16006.

District Court, E. D. Illinois.

Oct. 18, 1943.

Ray Foreman, U. S. Atty., of Danville, Ill., for plaintiff.

Hunter J. Von Leer, of Terre Haute, Ind., and Acton, Acton & Baldwin, of Danville, Ill., for defendant.

LINDLEY, District Judge.

Defendants demur to an indictment charging them with conspiring to violate

Section 52, 18 U.S.C.A., contending that it is insufficient to constitute a valid charge and asserting that the acts complained of are not shown to have been those of the state or of its agents and that the indictment contains merely conclusions of the pleader in the latter respect.

Briefly the indictment charges that certain defendants were sheriff and deputy sheriffs of Vigo County, Indiana; that, while acting in these capacities under and pursuant to the laws of Indiana, they conspired with certain other defendants to violate the Act of Congress in that, under color of the laws of the state of Indiana, they conspired to subject and to cause to be subjected one James Edward Person to deprivation of certain constitutional rights and immunities, including the rights, (1) to liberty and life and not to be deprived thereof without due process of law, (2) to be secure in his person and immune from arrest, assault or battery, and (3) to equal protection of the laws; that Person was a negro citizen of the state of Tennessee, lawfully traveling within the county of Vigo and state of Indiana, peacefully making his way toward Edgar County in Illinois; that he had violated no law of the state or of the United States; that no person had any reasonable cause to believe that he had committed any crime and that it was the purpose of the conspiracy that defendants, acting under color of the laws of the state of Indiana and under color of authority vested by statutory law in defendant state officers, each aiding the other, would pursue, apprehend and injure and even kill the said Person without justification.

Certain overt acts were charged, including an averment that the sheriff and deputies, acting under color of the laws and of the authority of their offices as aforesaid, requested and directed the other defendants to aid and assist them in pursuing Person and, in connection with said aiding and assisting, in substance, to shoot to kill or injure him; that the other defendants joined with the state officers in the pursuit and that certain of them thereafter in Illinois fired certain weapons into his body, wounding him so that he died.

The pertinent Act, Section 52, 18 U.S. C.A., reads thus: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects, or causes to be subjected, any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution and laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000, or imprisoned not more than one year, or both." The congressional purpose, obviously, is to assure enjoyment of the rights of citizens defined by the Fourteenth Amendment, including the mandate that no state shall deprive any person of life, liberty, or property without due process of law, or deny to any person within its jurisdiction equal protection of the laws.

The amendment and the legislation are directed only against activities of the state and of its authorized agents. It does not create or add to the rights of one citizen as against another; it is, rather, a guaranty against encroachment by the state and its authorized agents upon the rights of the citizen under the Constitution of the United States. United States v. Cruikshank, 92 U. S. 542, 23 L.Ed 588; Civil Rights Cases 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835; Hodges v. United States, 203 U.S. 1, 27 S.Ct. 6, 51 L. Ed. 65; United States v. Powell, C.C., 151 F. 648, affirmed 212 U.S. 564, 29 S.Ct. 690, 53 L.Ed. 653; United States v. Wheeler, D.C., 254 F. 611, affirmed 254 U.S. 281, 41 S.Ct. 133, 65 L.Ed. 270. It follows, therefore, that if the indictment discloses that defendants acted in their individual capacity, or, stated otherwise, if it fails to aver that defendants acted under color of statutory authority, it is deficient. Validity depends upon whether we can rightfully say from its face that the plain intendment of the averments is that defendants were acting at the time of the alleged offenses as agencies of the state and under color of authority vested in them by virtue of the laws of the state. The government insists that such is the plain intent of the indictment and this defendants deny.

The court takes judicial notice of 10 Burns' Indiana Stat.Anno. 1933, p. 181, § 49-2802, providing that the sheriff shall (1) be conservator of the peace, (2) arrest without process all persons who have committed any crime, (3) suppress all known breaches of the peace, and (4) have authority to call to his aid the power of the county. These definitions of statutory power must be kept in mind in determining the effect of the averment of the indict-

ment that the defendant sheriff and deputy sheriffs acted in pursuance of their authority under the statutes of Indiana and, in doing so, conspired with each other to deprive Person of his rights and the further charge that defendants, acting under color of the laws of the state and under color of the statutory authority vested in them, requested and directed the defendants other than the officers to come to the latter's aid and to assist in pursuing Person and, in rendering such aid, to shoot to kill or injure him. These averments, it seems to me, are an unequivocal charge that defendant officials, being charged by statute as peace officers to conserve the peace and to arrest law violators and having the power and authority to call others to their aid, did, under color of such power and authority, call to their aid certain individuals and charge them to shoot to kill or injure and that the defendants other than the officers in pursuance of said order joined in the search and pursuit by the sheriff as his legally constituted posse comitatus. It is not averred that the sheriff and deputies acted as individuals but the clear intent is to charge that they acted wholly within and under the color of the authority of the sheriff to call a posse and that he directed his posse to do unjustified shooting. This is the gist of the charge and it seems to me in no wise ambiguous, equivocal or uncertain.

■ This being true, it follows that the charge is one clearly within the provisions of Section 52. The amendment and the act are directed to the "actions of the political body denominated a state" by whatever instrumentalities or in whatever modes that action may be taken, whether by legislative, executive or judicial authority. The intent of Congress was to provide that no agency of the state, no officer or agent by whom its powers are asserted and carried into execution, shall deprive a citizen of the rights guaranteed by the Constitution. If he acts in the name of and for the state and is clothed by state powers, his act is that of the state and comes within the prohibition. Any state enforcement officer who, under color of state law, willfully, without cause, arrests or imprisons an inhabitant or injures one who is legally free, thereby commits an offense under Section 52. This conclusion is amply supported by the announcements of the Supreme Court of the United States in Ex parte State of Virginia, 100 U.S. 339, 25

L.Ed. 676; United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368; Home Telephone & Telegraph Co. v. Los Angeles, 227 U.S. 278 and 286 et seq., 33 S.Ct. 312, 57 L.Ed. 510; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; and by other courts, such as Culp v. United States, 8 Cir., 131 F.2d 93; Catlette v. United States, 4 Cir., 132 F.2d 902. Thus, in Ex parte State of Virginia, 100 U.S. 339, 347, 25 L.Ed. 676, the court said: "A State acts by its legislative, its executive, or its judicial authorities. It can act in no other way. The constitutional provision, therefore, must mean that no agency of the State, or of the officers or agents by whom its powers are exerted, shall deny to any person within its jurisdiction the equal protection of the laws. Whoever, by virtue of public position under a State government, deprives another of property, life, or liberty, without due process of law, or denies or takes away the equal protection of the laws, violates the constitutional inhibition; and as he acts in the name and for the State, and is clothed with the State's power, his act is that of the State. This must be so, or the constitutional prohibition has no meaning."

Defendants direct our attention to the language in United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368, where the court said: "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color' of state law," and assert that the indictment here does not disclose that the violation was "made possible only because the [alleged] wrongdoer [was] clothed with the authority of state law."

It should be observed that the sheriff could rightfully pursue Person and call upon a posse to assist him. His only authority arose by virtue of Indiana statutory law. It follows, I think, that his action constituted misuse of legal authority "made possible only because" he "was clothed with the authority of the state law."

Then, too, I am not sure that the sentence quoted was necessary to the decision and, if not, should not be accepted as a fixed limitation. I prefer to believe from the context that it was not the court's in-

tent to modify the clear announcements in other cases. The language of Mr. Chief Justice White in Home Telephone & Telegraph Co. v. Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 315, 57 L.Ed. 510, is illuminating. He said, "the settled construction of the Amendment is that it presupposes the possibility of an abuse by a state officer or representative of the powers possessed, and deals with such a contingency. It provides, therefore, for a case where one who is in possession of state power uses that power to the doing of the wrong which the Amendment forbids, even although the consummation of the wrong may not be within the powers possessed, if the commission of the wrong itself is rendered possible or is efficiently aided by the state authority lodged in the wrongdoer. That is to say, the theory of the Amendment is that where an officer or other representative of a state, in the exercise of the authority with which he is clothed, misuses the power possessed to do a wrong forbidden by the Amendment, inquiry concerning whether the state has authorized the wrong is irrelevant, and the Federal judicial power is competent to afford redress for the wrong by dealing with the officer and the result of his exertion of power." I think it clear from the indictment that the consummation of the wrong was rendered possible only by the state authority lodged in the wrongdoer, but, if not, that it was effectuated by the sheriff and his deputies, in their attempt to exercise the statutory authority with which they were clothed, by misuse of the power possessed, thus accomplishing a wrong forbidden by the Amendment.

■ It is immaterial whether the act charged would have been also a violation of the state law. Thus, in Iowa-Des Moines National Bank v. Bennett, 284 U.S. 239, 52 S.Ct. 133, 76 L.Ed. 265, the court said that when a state official, acting under color of state authority, invades, in the course of his duties, a private right secured by the federal constitution, that right is violated, even if the state officer not only exceeded his authority but disregarded specific commands of the state law. Considering a suggestion similar to that here made, the Court of Appeals for the Fourth Circuit, in Catlette v. United States, supra, remarked that the notion that an officer can divorce himself from his official capacity merely by removing his badge of office before embarking on a course of illegal conduct, and thereby blithely absolve himself from any liability, is wholly without legal basis, saying, "We must condemn this insidious suggestion that an officer may thus lightly shuffle off his official role. To accept such a legalistic dualism would gut the constitutional safeguards and render law enforcement a shameful mockery." [132 F.2d 906.]

■ Nor is the indictment defective as to defendants who are not state officials. It avers directly that they conspired to violate the federal laws. It is immaterial that they themselves may not have had the capacity to violate the statute for they became liable criminally if they conspired to violate that statute and if one or more of their fellow conspirators had the capacity to commit the substantive offense. Barron v. United States, 1 Cir., 5 F.2d 799; Haggerty v. United States, 7 Cir., 5 F.2d 224; Kaufman v. United States, 2 Cir., 212 F. 613, Ann.Cas.1916C, 466.

My attention is directed to Snowden v. Hughes, 7 Cir., 132 F.2d 476, at page 477. It does not appear from the opinion that any federal right was involved in that case. The court remarked that the Fourteenth Amendment was not intended to bring within federal control everything done by the state but only such acts by the states or their instrumentalities as are violative of rights secured by the Constitution of the United States. This I understand is the announcement of Barney v. New York, 193 U.S. 430, 24 S.Ct. 502, 48 L.Ed. 737, and Owensboro Water Works Co. v. City of Owensboro, 200 U.S. 38, 26 S.Ct. 249, 50 L.Ed. 361. But where, as here, it is charged that the defendants, as instrumentalities of the state and under color of authority as instrumentalities, conspire to deprive a citizen of his constitutional rights, there is plain averment of facts creating jurisdiction.

I am of the opinion that the indictment sufficiently discloses to the defendants the charge against them; that though the averment that the acts were done under color of state authority, standing alone, might be said to be merely the conclusion of the pleader, it is to be considered with the further averments that defendants were acting as state officials charged with preserving the peace and with arresting persons violating the law and that they were engaged in such duties and did all this under color of law and of the state authority and, when so considered, the indictment is sufficient. The demurrer is overruled.